# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| WILLIE BELL, JR., | CASE NO. 08-CV-0165 H (AJB) |
|---|---|
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** |
| vs. | |
| V.M. ALMAGER, Warden, et al., | |
| Defendants. | |

On January 28, 2008, plaintiff Willie Bell, Jr., a state prisoner, filed a complaint under 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has filed a motion to proceed in forma pauperis, as well as a motion for the appointment of counsel to assist him in prosecuting this civil action (Doc. Nos. 2, 3.).

**Motion to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a), a court may authorize the commencement of a lawsuit without payment of the required filing fee if the plaintiff submits an affidavit demonstrating the plaintiff's inability to pay the filing fee. Such affidavit must include a complete statement of the plaintiff's assets. Here, Plaintiff has submitted a form motion and a declaration, as well as a certificate regarding the balance of Plaintiff's prison trust account. (See Doc. No. 2.) The Court concludes that Plaintiff has established that he cannot pay the filing fee. Accordingly, the Court grants Plaintiff's motion to proceed in forma pauperis.

1 **Motion to Appoint Counsel**

2 The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiff has a sufficient grasp of his case and the legal issues involved. Although Plaintiff asserts that he has a high school education and limited access to the prison law library, based on his filings to date the Court concludes that he is able to adequately articulate the basis of his claims. Therefore, Plaintiff's motion fails to establish the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Under these circumstances, the Court denies plaintiff's motion for appointment of counsel because it is not warranted by the interests of justice. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

IT IS SO ORDERED.

DATED: February 4, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT