# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BELL, Jr., CDCR #H-90929,<br><br>                                    Plaintiff,<br><br>vs.<br><br><br>V.M. ALMAGER; GARCIA, Appeals Coordinator; D.J. DEGEUS, CCII Appeals Coordinator; R&R Package Officer,<br><br>                                    Defendants. | Civil No.   08-0165 H (AJB)<br><br>**ORDER:**<br><br>**(1) GARNISHING $350 BALANCE FROM PRISONER TRUST ACCOUNT PURSUANT TO COURT'S ORDER DATED FEBRUARY 4, 2008 GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**(2) DENYING EX PARTE MOTION FOR PERMANENT INJUNCTION [Doc. No. 4];**<br><br>**AND**<br><br>**(3) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a state inmate currently incarcerated at Centinela State Prison ("Centinela") and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. While not entirely clear, Plaintiff is apparently seeking to hold prison official at Centinela liable for their refusal to mail a package to Plaintiff's family because he allegedly had insufficient funds in his

1  inmate trust account. Plaintiff is seeking compensatory and punitive damages in the amount of
2  $ 858,000.08. (Compl. at 18.)
3      Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he
4  filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No.
5  2], along with a Motion for Appointment of Counsel [Doc. No. 3], and a Motion for Injunction
6  and Temporary Restraining Order ("TRO") [Doc. No. 4]. On February 4, 2008, this Court
7  granted Plaintiff's Motion to Proceed IFP and denied Plaintiff's Motion for Appointment of
8  Counsel.

## I.

### MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court has already found Plaintiff's affidavit sufficient to demonstrate that he is unable to pay the initial filing fee. *See* Feb. 4, 2008 Order at 1. However, Plaintiff remains obligated to pay the entire fee in installments pursuant to 28 U.S.C. § 1915(b)(1). Accordingly, the Court orders the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

////
////
////

## II.

### PLAINTIFF'S MOTION FOR INJUNCTION AND TRO

Plaintiff also filed a Motion for Injunction and TRO [Doc. No. 4], along with an affidavit in support of his Motion.

Rule 65 of the Federal Rules of Civil Procedure provides that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, is any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).

As a preliminary matter, Plaintiff's Motion for Injunction and TRO does not comply with Rule 65(b)'s important procedural notice requirement. Here, Plaintiff has not demonstrated that his Complaint, or his Motion have been served on any named Defendant. And while Defendants, as employees of the CDCR, may ultimately be represented by the Attorney General in this matter, there has been no appearance on any Defendant's behalf by the Attorney General at this preliminary stage of the proceedings. Moreover, Plaintiff has not submitted a sworn affidavit or declaration certifying that any efforts have been made to give notice of his Motion or Complaint to any named Defendant, which is required by Federal Rule of Civil Procedure 65(b).

As noted above, under Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party or that party's attorney *only* if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED.R.CIV.P. 65(b). Federal Rule of Civil Procedure 65(b) also requires the Plaintiff to certify to the Court "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Id.

////

1  Plaintiff's Motion does not comply with these elemental procedural requirements of
Federal Rule of Civil Procedure 65(b).  Thus, for all these reasons, the Court must **DENY**
without prejudice Plaintiff's Motion for Injunction and TRO [Doc. No. 4] pursuant to
FED.R.CIV.P. 65(b).

### III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

"parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick,* 213 F.3d at 446, n.1.

The crux of Plaintiff's Complaint, while not entirely clear, appears to be related to prison official's refusal to mail a package Plaintiff wanted to send to his family because he had insufficient funds in his inmate trust account to pay for the required postage.

### A. Conspiracy Claims

In Plaintiff's Complaint, he alleges that each of the Defendants engaged in a conspiracy to "deny the due process by the suppression of speech." (Compl. at 6.) In order to allege a claim of conspiracy under § 1983, Plaintiff must allege facts with sufficient particularity to show an agreement or a meeting of the minds to violate his constitutional rights. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); *Woodrum v. Woodward County*, 866 F.2d 1121, 1126 (9th Cir. 1989). Thus, pleading a conspiracy requires more than a conclusory allegation that Defendants conspired to deprive Plaintiff's civil rights. The Ninth Circuit applies a heightened pleading standard to conspiracy claims under Section 1983 and has held that mere conclusory allegations of conspiracy (i.e. bare allegations that a defendant "conspired" with another) are insufficient to state a claim.[1] *See Harris v. Roderick*, 126 F.3d 1189, 1195 (9th Cir. 1997); *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). Rather, "[t]o state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy." *Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 n.6 (9th Cir. 2001) (holding that plaintiffs must allege facts which are "specific and concrete enough to enable the

---

[1] The Ninth Circuit has specifically held that conspiracy claims are subject to this heightened pleading standard since they require the plaintiff to show that the defendant agreed to join the conspiracy. *See Harris*, 126 F.3d at 1195; *Margolis*, 140 F.3d at 853; *Mendocino Envt'l Ctr. v. Mendocino County*, 14 F.3d 457, 459 (9th Cir. 1994) (applying identical standard to conspiracy claim in *Bivens* action). Although the Ninth Circuit eliminated the application of a heightened pleading standard to all cases where an improper motive is an element, it did not modify the requirement in regard to allegations of conspiracy. *See Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

1  defendants to prepare a response, and where appropriate, a motion for summary judgment based
2  on qualified immunity."); *Buckey*, 968 F.2d at 794.

3       A plaintiff can meet the heightened pleading standard by alleging "which defendants
4  conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional
5  rights." *Harris*, 126 F.3d at 1196. As currently pleaded, however, Plaintiff's conspiracy claims
6  amount to no more than "vague and conclusory allegations of official participation in civil rights
7  violations," therefore, they fail to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268
8  (9th Cir. 1982); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (conclusory allegations
9  of conspiracy insufficient to support a claim under section 1983 or 1985).

10      **B.**     **Respondeat Superior**

11       In addition, Plaintiff fails to state a claim against Defendant Almager, the Warden for
12  Centinela. To state a claim against a state official under section 1983, the complainant must
13  allege direct personal participation by each defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th
14  Cir. 1989). There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v.
15  Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *Paine v. City of Lompoc*, 265 F.3d 975, 984
16  (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give
17  rise to liability" is a necessary element of the § 1983 claim).

18       Thus, as Warden of Centinela, Defendant Almager may only be held liable for the
19  constitutional violations of his subordinate officers if he is alleged to have participated in or
20  directed the alleged violation of Plaintiff's constitutional rights. *See Preschooler II v. Clark
21  County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) ("It has long been clearly
22  established that '[s]upervisory liability is imposed against a supervisory official in his individual
23  capacity [only] for his own culpable action or inaction in the training, supervision, or control of
24  his subordinates, for his acquiescence in the constitutional deprivations of which the complaint
25  is made, or for conduct that showed a reckless or callous indifference to the rights of others.'")
26  (citations omitted). Plaintiff makes no such allegations of personal participation on the part of
27  Warden Almager. If there is no affirmative link between a defendant's alleged conduct and the
28  prisoner's alleged injury, there is no deprivation of constitutional rights. *Rizzo v. Goode*, 423

U.S. 362, 370 (1976). Therefore, Plaintiff's Complaint must be also be dismissed as to Warden Almager for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d 246.

### C. Fourteenth Amendment Due Process Claims

Plaintiff claims that his due process rights were violated when prison officials failed to properly process his administrative grievances. The Fourteenth Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Thus, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

To the extent Plaintiff challenges the procedural adequacy of CDC inmate grievance procedures, his Complaint fails to state a due process claim. This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

In addition, Plaintiff has failed to plead facts sufficient to show that any named prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in

relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff pleads no facts to suggest how the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how they resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84. Accordingly, Plaintiff's Fourteenth Amendment due process claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

Thus, the Court finds that Plaintiff has failed to state any section 1983 claim upon which relief may be granted, and therefore this action is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1. However, because it is not absolutely clear that Plaintiff could not cure the defects of pleading identified in this Order, he is hereby granted an opportunity to amend. *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has determined, "that the pleading could not possibly be cured by the allegation of other facts.").

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Injunction and TRO [Doc. No. 4] is **DENIED** without prejudice for failing to comply with FED.R.CIV.P. 65(b).

2. Pursuant to the Court's Order dated February 4, 2008, granting Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, is ordered to collect no initial partial filing fee in this case, but must collect from Plaintiff's prison trust account the $350 balance of the filing fee owed by assessing monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and to forward those payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.   The Clerk of the Court is directed to serve a copy of this Order on James E. Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.   Plaintiff's Complaint fails to state a claim upon which relief may be granted, therefore the action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff is further **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his previous pleading. *See* S.D. CAL. CIVLR 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, Plaintiff is further cautioned that if he elects not to amend, or if his Amended Complaint still fails to state a claim upon which relief may be granted, the dismissal of this action may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

DATED: February 20, 2008

_____
**HON. MARILYN L. HUFF**
**United States District Judge**