UNITED STATES DISTRICT COURT

Southern District of California

FILED

FEB 2 8 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1
2
3
4
5  Willie Bell,JR., et,al.                CASE NO.08-CV-0165 H (AJB)
6          plaintiff                      MOTION REQUESTING PRELIMINARY
                                          CLASS ACTION INJUNCTION ALLOW-
7     vs.                                 ING ACCESS TO MAIL BY POSTAGE
                                          USE FOR PROPERTY MAIL OUTS.
8                                         REQUEST RECEIPTS FOR PROPERTY
                                          SENT OUT, & REQUEST WARDEN
9  V.M. Almager, Warden et,al             REPAIR ADDITIONAL REQUEST
              Defendants                  ATTACHED.
10
11
12  On Febuary 19, 2008 plaintiff Willie Bell and those similar

13  Inmates in this request for an Injunction move the Court to

14  grant this request. Plaintiffs claims for Preliminary Injun-

15  ctive relief are authorized by 28 U.S.C. Section 2283 & 2284

16  and Rule 65 of the Federal Rules of Civil Procedure.

17

18  Under Rule 23 the plaintiffs bring forth this class action

19  of the Federal Rules of proceedures. The plaintiff and those

20  in similar Intrest, declare the urgency of this request.

21  The plaintiffs move the Court in behalf of all parties enjoined

22  who suffer daily, Civil Injuries of their rights, being denied

23  Access to use of Mail/Federal Postage, & Discriminated against

24  by Injurious rules instituted against Indigent Inmates.

25  The plaintiffs request Emergeny Action be granted to stop and

26  put and end to these acts by the Defendants, et,al...

27

28

# TABLE of Authorities

## CASES:

Page

Brownsburgh Area Patrons v. Baldwin, 137 F 3d. 503,507 .......... 3

Dodge v. County of Orange, 282 F2d. 41 (2003) (SD.NY)........... 2,&
1, & 2. of Injunction.......................................

Jackson v. District of Columbia 254 3d. 262
(DC CIR 2001)............................................2,

Procunier v. Martinez 416 U.S. 396 (1974)...................... 3,

# TABLE of Contents

Amendments of the Constitution  1st, 5th,6th,14th...............

FRAP RULE 23.....................................................Cover

FRAP  65    .....................................................Cover

28 U.S.C. Section 2283 & 2284    ............................... Cover

§ 3147... (b)                    .............................2,3,

§ 3191    (b), (d),(4) ......................................... 1,2,

§ 403 ...................................Statements of Facts 1of 1

SEE Title 15. § 3191 Staff only allows the use of U.P.S. to mail out property. This blocks and denies access to use postage to indigent and non indigent inmates. With or without funds." The plaintiffs in this request for a preliminary Injunction have suffered past Civil Rights violations by the defendants by same acts of Blatant Indifference. Plaintiffs declare they have been denied Access to Mail out Property by Federal Postage Stamps by being Indigent, & Access denied & not made available to participate, which violates the Civil Rights of the Inmates on B-yard, & in the State Prison. This Emergency Request is in dire need as of now. It is an ongoing violation, & a Preliminary and or a Permanent Injunction can only satisfy this Civil Rights violation from continuing.  See Jackson v. Dist of Columbia 254 F. 3d 262 (DC CIR 2001).

Plaintiffs contend that an Injunction to stop these acts is a less intrusive means, by enforcing the defendants to provide the service of the use of Postage Stamps for property mail outs. And allow receipts to the Inmate population. See Dodge v. Co of Orange. 282 F 2d 41. (2003 SD.NY). The plaintiffs contend that the use of Federal Postage to mail out property posses no  "Security Threat", or Issue, nor does receiving a receipt from staff, pose a threat.  Plaintiffs further contend that this Injunction not only protects the Civil rights of the Inmate population, but instills a safeguard of the staff/mailhandlers rights and the prison from infringing the rights of all partys. SEE Title 15 § 3147 (b). Permit the use of Postage Stamps.

1
2
3
4      The plaintiff Willie Bell contends that the plaintiff has
5  been subjected to Irreparable harm, by his Civil Rights already
6  been violated & continues until these acts are stopped. Plain-
7  tiff Willie Bell loss of rights by Staffs denial of Access by
8  "Structural Design, violate 1st,5th,6th,&14th Amendment rights
9  guarranteed by the constitution.  Even minimal loss of rights
10 is a violation. See Brownsburgh Area Patrons v. Baldwin 137
11 F 3d. 503,507.

12
13 SEE ATTACHED: Trustwithdrawel Form/ exhibit. # 7. (a)&(b).
   The Structural Design by the use of this TrustWithdrawel Form
14 created and validated by the R&R Staff, violates the rights
15 of all parties. Its design is only for use by having funds on
16 the inmates trust account for those who have funds only, which
17 discriminates against all Indigent inmates. See Procunier v.
18 Martinez 416 U.S. 396 (1974), & the Title 15 § 3147 (b) which
19 allows the use of postage by Indigent & non Indigent Inmates.
20 Therefore the plaintiff moves the Court to place in motion
21 an Injunction that will protect the rights of all parties.
22 The plaintiff contends that an Injunction protects staff by
23 not being placed in a position by "its own intrusive rule" that
24 leaves staff open to "their" civil rights being violated, with
25 & by the aid of the R&R Staff implementing intrusive acts into
26 the staffs workload.  Plaintiffs submit an Injunction Request
27 for relief as follows, and stated, of acts If called to testify
28 could show proof of these existing acts by all partys similar.

## "STATEMENTS OF FACTS"

### DECLARATION OF PLAINTIFF(S).

NOTE: R&R STAFF et,al.....

The Department of Corrections  constructs and conducts acts that violate the rules and normal civil proceedures of the Post Office that would infringe on the rights of all parties.

§ 403 IN regards to mail state:

(b). It "Shall Be" the responsibility of the Postal Service which includes Staff", to deliver mail nationwide. Note; to obstruct this is a violation, by not providing the service by discriminative acts.

§ 403 (b). 3 STATES: They will have and will establish "Ready Access to these postal services.

§ 403 C.States: In providing services they "Shall Not", make any undue, or unreasonable discrimination amongst users, nor grant any preferences that are unreasonable, such as Instituted by by Staff, et, al...

OVERVIEW HOW THIS Trustwithdrawel Form
is "Structurally Designed to discriminate, and Deprive".


SEE EXHIBIT #7. A - B).


1. A person(s), is/are discriminated First by the denouncing
the use of Federal Postage, when infact a postal system is being
used for basic mail purposes,(Letters & ect), in the prison, but
being limited and denied access, by implementing rules that fall
outside the scope intended for proper use by the Mail Department/
Federal Post Office.  SEE § 403 (b) & (c). "The Denial of use, &
denial of "Access to the Post Office by discriminative acts.

**SEE Exhibit #7.**
2.  R&R Sergeant/STaff et,al. place a known hardship on the requi
-rements denying the use of Post OFFICE.1. When funds are sent on
books for this amount of $25.00, restitution of 55% is taken out
for those who owe restitution. This places another hardship on
the sender of the funds to be extorted to have to send over twice
the amount inorder to have $25.00 left, in order to participate.
This service is only provided by the service carrier U.P.S ONLY".
( Implemented by the R&R Staff which discriminates against use of
stamps for a mailout". NOTE: It doesn't cost $25.00 to mail out a
watch. (Wilhelms personal creation of a hardship to deprive property).

3rd.
       A person(s) are discriminated against by being placed in a
price bracket to be able to participate. Rich vs. Poor 2008".


4th. Being Indigent takes away your right according to the policy
set in place,by R&R et,al. See exhibit #7. This violates the Due
Process Clause,5th, No person shall be deprived of liberty,or
property. Not depriving senders of extra extorted funds in order
for the inmate to be qualified to participate, which takes away
extra funds from the sender. (Sender Deprived of liberty to be
free from cruel & unusual punishment".


5th.  The plaintiffs property being intercepted by the R&R.Saffs &
still new in the box, is being held for a randsom by the R&R Ser-
geant Wilhelm, et,al.  This is a long stretched armed robbery set
in place by staff, guaranteed to violate, withhold,deprive access
of and to, ones personal property, by having great knowledge of
the out come of this intrusive policy, without regards to all par
ties involved, "Which is a Criminal Act intentionally be carried
out", AND SHOULD BE PROSECUTED", to bring an end to some of the
same acts they hold the plaintiffs incarcerated for".

Declaration Request for Injunctive Relief

in support of these grounds factually shown.

1. That the R&R Staff et,al. participate in illegal acts that
violate the Subsections §3191, (d), & 3191 (4), §3147 (b). OF
the Title 15, which are criminal acts, and also violate the
Civil Rights of the Plaintiff (s),et,al. & violate Federal Postal
Rules & regulations of the U.S. Post Office Proceedures.
See. §403 (b) & (c).

2. That the Appeals Coordinators Garcia & D.J. DEguess willingly
& knowingly violate the due process of the Appeals Process,
and the due process of those in similar interest, by these factu-
ally stated, and shown claims. Garcia & D.J. DEguess suppress
the Active Voice (s), to be heard by the acts of indifference,
by not reporting known problems that exist to a higher "Authority
to eleviate future violations, but contribute, by the act of
suppression of the truth by hindering due process allowed.

3. By **Exhibits** admitted, of claims proven against the defen-
dants, of Inmate **Willie Mitchell** CDC# P-03188. The Appeal by
Garcia at the Informal Level dated 12-13-07, states the intellect
-ual understanding of the ongoing issues of Mr.Willie Mitchell
by the defendants et,al.  For Garcia to be able to effectively
respond to these known acts of the R&R Staff/Sergeant et,al
over a long period of time, refutes Appeals Coordinators defense
to the "I had no knowledge of these acts" theory".
These claims validate the necessity for the request for this
Injunction to be set in place against the defendants.

The Plaintiff/parties all in similar pray for relief from the
Courts in regards to the stated request for relief by an Injunct-
ion.
SEE: Attached Request.

## REQUEST FOR INJUNCTION

1.

That V.M. Almager hold responsible the "Appeals Coordin-
ators D.J. DEguess & Garcia to their own alleged acts in the
near future showing the Wardens true "Interest of Justice".
That V.M. Almager hold the appeals coordinators responsible
& liable to report any and all acts of R&R to his attention
which will protect in the future the Appeals Coordinators from
participating in "Aiding and Abetting the R&R staff to supp-
ress issues that violate the civil rights of all parties involv-
ed. "A Peace Officer/ Staff et,al is called to a higher calling
& should be held liable to answer to this calling".And that all
acts of unanswering appeals, or not reporting acts by staff be
"Stopped as of now"!

SEE Calif penal Code(s)      2079   &  5054
2. Talley v. Stephens 247 F.SUpp 683,692  (ED ARK 1965).

    That the "Warden V.M. Almager be held responsible to enforce
this Injunction Request" as of "Now".

Pc 2079 and 5054 State: Warden had a duty to deal with the
situation, and shares the responsibility for plaintiffs suffering
which resulted when He failed to exercise that duty, and should
be fined and held liable, and accountable for the allowing of
of all acts. (3.).   That the Warden remove §3191 (4). Donate
to institution. (ILLEGAL ACT). §3191 states: "NO FACILITY",
may except gifts, or property from inmates. SEE 3191 (d). Must
donate to a local chairity. "Prisons don't qualify under CHARITY
STATUS/ or CHARITY EXEMPT".  Warden must provide a Charity,
on common grounds with inmates".  Reason. "ITS OURS" to choose
 who gets it. "Salvation Army, A local Church, as other prisons
do and allow.   "ITS THE LAW. See § 3191 (3).
See Dodge v. County of Orange 282 F 2d. 41 (2003 SD.NY.), WHICH
is a Less Intrusive means for these Injunctive repairs, and that
this fullfillment be presented to the "Courts Honorable Magist-
rate Judge MARILYN L. HUFF, District Judge of the UNITED STATES
DISTRICT Court, to show that the Warden is in compliance.

Respectfully Submitted,

Willie Bell Jr. H-90929
C.S.P. PO.BOX 911
Imperial, Ca 92251 B-5 239L
            Plaintiff in Pro Se.

2.

## REQUEST FOR RELIEF"

---

## " BY FACTUAL CLAIMS"

IN SHORT:  This request for relief extends from plaintiffs civil
action filing, in brief".

NOTE: Between factual complaints that need be addressed between
the R&R Department, & the Appeal Coordinators Office,
these are the basic issues at hand.

### POINT

"That"... Sergeant Wilhelm Actively Participates in the
bartering of illegal property, and "Denounces use of
Federal Postage by all inmates to mail out property.

1. Sergeant Wilhelm has a track record being shown that
extends as far back as 2005, by the attached exhibits of just
one inmate to Illustrate that these facts and proven acts have
been long over due to be corrected by staff. This plaintiff
establishes that the R&R Sergeant Wilhelm has lead an inmate
on for almost two years in regards to his personal property.

2, This exhibit establishes that the R&R Sergeant & staff
replace inmates damaged,lost,or property that's been taken by
ill means or however the class action of inmates can show the
many ways they are being extorted for property,made to have
to except property taken by another inmate from whatever past
reason staff collected it, and used to pay back inmates with
property the state law says is to be donated to a charity. Its
against the law for staff to take property from oneperson, then
keep it for themselves,then in turn renegotiate with it to settle
602 appeal issues to hush the inmate, without actually paying
by the states funds, which would make them liable to explain
extra state expenses for property misappropriated by "State
Employees" yearly, & the expenditure of misappropriated State
Funds. "So Peter pays Paul", with Rogers property". A criminal
act downplayed by State Employees." Where does justice lie".
State Law says donate to a charity. The state facilities are
not to except gifts,or store property, but donate. Why is it
regenerated? See Exhibit by (1.) witness, Willie Mitchell attached
in § 3191.(d) states: Immates may not send/give personal property
to the state facility, nor any agent of the state, which includes
themselves. (R&R STAFF et,al. in voilation").

Furthur they violate this same penal code 3191.(d), by implement-
ing§3191 (4), "Donate the item to the institution facility?"

Plaintiffs rest their case. See Relief request # 2. IN RE: Appeal
office acts which gives rise to claims

1.

## REQUEST FOR RELIEF"

### BY FACTUAL CLAIMS

**IN SHORT:** These factual claims give rise to the plaintiffs request for relief, IN RE: Appeals Coordinators Garcia & DEguess.

### POINT

1, Appeals coordinators Garcia & D.J. DEguess has a long track record also in the field of hindering due process in favor of staff to frustrate, deter, or incorporate negative responses against inmates through the appeals 602 process, or keep the process rotating to not give proper responses to allow due process. Class action responses can show by exhibits", or testify to these stated facts,which ever is preferred by defendants. **SEE: Exhibit 602's by inmate Andre Sparks H-37315 where it shows indifference of appeals coordinators and/ and knowledge of acts by staff, of which they continue to disregard & suppress.**

2. Plaintiffs by proof, and also by the attached exhibit of the inmate Mr.Willie Mitchell CDC# P03188 has had this same long run by R&R & the Appeals Coordinators from "May 03,2005 till date of last response from A**ppeals Coordinators Garcia** & DE guess as of January 8,2008, in regards to Mr.Willie Mitchell still trying to settle such a small issue with a Facility Sergeant over such a small state issue as an inmates "Radio"? If you brief through the exhibits with Willie Mitchell and the R&R Sergeant, you see the facts laid out". R&R gives Mitchell other inmates property to settle a state debt, with property sent to Mitchell, who was not allowed to check it out,as to if it worked right, receiving flawed property by staff, and then deterred and left to the Appeals Coordinators to be rotated in circles through the Appeals process, argued to personally by Garcia about a time lapse in Dec 20, 2007. Garcia nor DEguess by their replys can state no knowledge of this abandoned abuse of the R&R Sergeant (s), staff, et,al. The fact alone that according to the policy of penal code 3191 (d). State Employee have no business with this property to be in their posession. Its to be "Donated to a Charity". Not to the "CHARITY of the R&R Staff et,al. Appeals Coordinators have no legal support as to having no knowledge of any acts stated, nor the prison Warden V.M. Almager, not as to claims of competence of how the prison is being ran. On these too numerous grounds does the plaintiffs rest their case in request for this obvious need for an intervention by an Injunction request".

**NOTE:** Inmate Mitchell CDC# P03188 in his behalf will testify to the acts imparted on him by staff et,al.

2.

See Exhibits of Willie Mitchell (Attached).

## Request for  Relief

### By Factual ClaIMS

### FINAL POINT

**The plaintiff/(s) have established by factual claims and ex-
hibits that:**

The submission of the exhibits of the defendants, et,al
show by proof of Indifference of the rights of all parties en-
joined, by establishing rules that counter produce the actual
intent, and or use of laws that take away the "Freedom of Speech,
Deny Due Process, Deny Proper Access to the Postal System, and
all other claims of", Conspiracy to Suppress, Aiding and Abetting
of staff, et,al.

All alleged acts have been demonstrated by the showing
of Exhibits, State Memo's, and by undisputed documents. These
showings establish a link pattern of acts, that are encircled
around the plaintiffs claims, giving life to all original claims
stated by the plaintiff in his filing.

The plaintiff establishes that all request should be grant-
ted in favor of all plaintiffs in common in this filing. The
plaintiffs et,al., request to go to trial so that they may all
have an active voice on record of all acts stated, proved, and
alleged. And to put an end to these acts that "daily violate
their civil rights to be free from cruel and unusual punishment.

The plaintiff thanks the courts for imparting an unbias
filing, and allowing the the plaintiffs rights to be exercised
accoring to the law.

Respectfully Submitted,

Willie Bell Jr. H-90929
Plaintiff in Pro. Se.
et,al...

3.

## REQUEST FOR INJUNCTION

---

1. That V.M. Almager /Warden post notice to all yards of the Inmates right to use Federal Postage to mail out prisoners person -al property, and that R&R Staff "WILL" make available a copy or a receipt of the transaction, and keep a copy on file in the Inmates property card according to the Title 15.§ 3191 : Inmates are required to account for property, and staff must make receipts available in order for it to be done 3191(b).

2. That V.M. Almager /Warden put an end to the acts of the R&R Staff, by discontinuing the illegal storage of property taken from Inmates, and be donated to the inmates choice as Instituted in the Title 15 § 3191 (3). Donate the item to a charitable orginization as designed between the Warden & Inmates on a common ground by the coming to an agreement of an approved organization between the Inmate population, and submitted by the Inmates yard Mac Represenative to the Warden V.M. Almager for approval, or to the correspondent approved of the Inmates choice by the Inmates expense,"STAMPS or by U.P.S.

3. That the donated/ and or claimed "Destroyed Property" by R&R Staff be not reissued back into the inmate population,to settle issues incurred by staff, but that Records be kept and logged showing mail out dates of such property, and or dates showing property received, or picked up by the Charity", and the Inmate Mac Represenatives, allowed to review the log book and report to the inmates the dates the transactions took place if need be.

4. That V.M. Almager after upon notice of repair of these issues with, and by staff, et,al. Hold the R&R Staff accountable for acts personally alleged in the future if incurred by the staff/ officer, that they will personally be held to reimburse the inmate, if can be proven, which will later protect the Warden by immunity of these acts, and cut down the complaint rate of the R&R Staff by making them more accountable for their personal acts in the near future.

This request is by far a "Less intrusive means for repairs of these stated claims et,al.   See Dodge v. County of Orange 282 F 2d. 41 (2003 SD.NY).

## Request for Injunction.

5. That the Warden hold the appeals coordinators liable for acts of conspiracy, who suppress knowledge of acts being reported by the inmate population, and refuse to professionally act to alleviate the problem(s) being that; When appeals coordinators answer 602 appeals, they automatically have first hand knowledge of the issues at hand, and should have a mediator staff to handle these matters immediately, that violate civil rights of the inmates. **Employ a staff for this purpose, to place survellinace on these matters, "OR", BE PERSONALLY HELD IN CONTEMPT".** SEE Gilmore v. Lynch 319 F SUPP. 105(N.D.Cal 1970).

6. That the Warden remove from the Title 15 § 3191 (4). The phrase "Donate to the Institution". The state of California shouldn't extort incarcerated persons for their personal property to balance the "Prisons, and or the State Budget", by the Peter pay Paul method of extortion. Also the law states this in §3191 5 (d). Inmates "SHALL NOT SEND", which means to give", AND OR COLLECT", "NO PROPERTY" to the State, or any" agent of the State! This includes the R&R Staff, who are "AGENTS", which is a violation of law, and this violation in "Full Effect".

7. That the appointed State Ombudsman/person have full access in the future to inspect R&R for such said storage of property and to ensure that it is not being misappropriated,    logged in and all visual property accounted for, and recorded.

8. That all parties be held liable for all acts stated in the Civil Filing made in regards to these factually stated and demonstrated claims, et,al......

9. That the Courts make available a court appointed "Officer who upon the placement of this Injunction, "WILL" inspect the R&R Staff to make sure that they are in compliance, and that a system is set in place showing the approved Charity(s) with names,addresses, and the parties liable for receiving such said property.  (2). That a local(s) Charity injunction be stayed to keep the prisoners right to donate property always open in the remainder of Centinela State Prisons daily operation. Also that a deadline for this act be set in place & shown to the courts by Warden that "HE" is in compliance.

2.

## Injunction Request

10.    **Final Request.**

That the Warden provide each Yards Package Officer with the appropriate tools for mailing out such said properties, such as; a receipt for all transactions to the inmates. 2. A weight scale be made provided for the package officer on each yards package window to properly weigh for "Stamp Uses", so that property won't have to clutter up R&R, nor stop the mailed property from being promptly mailed out as normal out going mail. This unlike the enacted use of U.P.S., doesn't have to be held for 30 days in R&R waiting to see if funds are available.

This method does not take away the use of", or discriminates against the use of U.P.S., but helps move out the inmates property in a proficient manner, and relieves staff from partcial stacking of problems, and cuts down work load.   (3). That an Inmate/worker be allowed to work with staff while doing packages under supervision as in other prisons, to package property in front of staff, seal, and be ready made to deliver, which takes away and saves time from staff having to trace and track in the future. (Log it in, Place in mail, Problem gone!).

| PRINT NAME | CDC # | ...ave you had your property taken in the past without a receipt given | Denied the use of property to mail out property, and want that right. | Has staff taken your property, block you from getting used goods | Do the appeals office a proper response. 60: |
|---|---|---|---|---|---|
| Robert ADANAS | E75058 | X | X | | |
| G. Carrasco | P302128 | | X | | |
| T. Medina | K52902 | | | | |
| G. Gooden | T08331 | X | | | |
| 3 sparks | 11-37316 | | X | | |
| V. Williams | K-16563 | X | X | | |
| J. Rogers | AG3199 | | X X | | X |
| V. Thomas | F67879 | X | X X | X X | |
| E. Conway | F14727 | | X | | |
| O. Orozco D | C-61777 | X | X X | | |
| Garza | V-61255 | | X | | X |
| Softly | E-30194 | | | | |
| Doubt J. | E-1607 | | X | | |
| Hernandez | V-23214 | | X | | |
| Canos | V18516 | | X | | |
| Robert MERGIL | K62876 | X | X | X | |
| Luis Cardova | V-08745 | | X X | | |
| Lopez, G | V-91652 | | X X | | |
| Perez, P | T0807 | | X | | |
| ykins, P | F77501 | X | X | X | |
| Rwes | F76561 | X | X | X | X |
| Cruz | T-13260 | X | X | X | X |
| Amador | T-67517 | X | X | X | |
| Gonzalez I. | C-13747 | X | X | | |
| ios | H37692 | | | | |
| Hammock | C-36376 | | | | |
| Ramirez R | J-04402 | X | X X | X | |
| Gutierrez M | J-57298 | | X X | | |
| Coronado | J68025 | X | X | X | X |
| Zavala Juan | K62776 | X | X | | X |

NOTE: If property has been taken from you in the past without a receipt given, and or have been denied the use of stamps to "Mail Out your property from the package window. Please check the app -ropriate space indicating your past problem, and or complaint.

I, Class Action, the inmate do declare that I have suffered in the past from one or more of these following acts by "STAFF at Centinela Prison

| Name (PRINT) | CDC # | Property Taken No Receipt Given in the past by staff | Denied the use Postage Stamps/ want the right to use them." | Staff replaced Property with another Inmates |
|---|---|---|---|---|
| W. Wilson | H-90929 | ✓ | ✓ | |
| Price | F-65982 | ✓ | | |
| Bucknel | F-D206 | ✓ | | |
| Lembric Moore | F24990 | ✓ | ✓ | |
| Johnson | D-73476 | ✓ | ✓ | |
| Tony Maxwell | V88900 | ✓ | ✓ | |
| Clifton McGee | P-56784 | ✓ | ✓ | |
| Salvador Rizo | P-78081 | | ✓ | |
| L. Castañeda | C-07991 | ✓ | ✓ | |
| Rudolph Martinez | K-35803 | ✓ | | ✓ |
| Rojas | J-41067 | ✓ | ✓ | |
| | V46061 | ✓ | ✓ | |
| | K15221 | | | |
| S. Bailey | T-71080 | | ✓ | |
| manuel Hormell | T77710 | ✓ | | |
| Roberto Ortiz | T-38750 | | | |
| Nestor Diaz | V-33376 | ✓ | ✓ | |
| Pedro Garner | KS1921 | ✓ | ✓ | ✓ |
| Phillips | V31596 | ✓ | | |
| | C42960 | | | |
| Judd | E7265 | ✓ | | |
| Barnes | D5665 | | ✓ | ✓ |
| Jefferson | T-51606 | ✓ | ✓ | ✓ |
| Varquese | F-22424 | | ✓ | |
| Samuel Blair | V-12939 | ✓ | ✓ | ✓ |
| Brent Diello | V-61455 | ✓ | ✓ | ✓ |
| Jay L. Will | F-31008 | ✓ | ✓ | |
| Nicklos Jackson | V61211 | | | |
| Anthony Frays | T-13007 | | ✓ | |
| Leslie | F19855 | | ✓ | |

**NOTA:** Si te han quitado propiedad en el pasado sin darte recibo, y/o te han negado el uso de estampillas para enviar tu propiedad desde la ventana de los paquetes, porfavor marque en el lugar apropiado su problema en el pasado o su queja.

Yo _____, el interno, declaro que he sufrido en el pasado de una o mas de las siguientes acciones por parte de algun trabajador aqui en la prision de Centinela.

| Nombre | CDC# | Propiedad Quitada Sin Recibo | Negado El Uso De Estampillas | Reemplazaron su Propiedad Con La De Otro Interno |
|--------|------|------|------|------|
| Rizo, J. | P-78057 | | √ | |
| Rizo, V. | P-78046 | | √ | |
| Martinez, D. | E-56583 | | √ | |
| López, V. | F-60742 | | √ | |
| Hernandez | V-23667 | | √ | |
| Santos | V18516 | | √ | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

ATTN: INMATE POPULATION/B - YARD

IN RE:  Property Mail outs"


**Note:**   Class Action

This petition is being circulated to get signatures of those
Inmates who wish to exercise their right to use "Federal Postage
Stamps as allowed by law. It is a known policy here at Centinela
State  prison that R&R STAFF", doesn't allow the use of stamps
to mail out property which is a violation of your civil rights.


R&R's STAFF take on a daily basis, Radio's, TV's,CD's,Shoes,
Jewerly,Clothes,Tapes,Music & ect.., then recirculate the same
property back into the hands of inmates, of whom they've lost
property of and given another inmates new,used,or old property.

**Note:**

Our families and friends are being extorted out of their hard
earned money. Lets put an end to this prison game of extortion
by staff.


This petition will request the courts to "GRANT" an INJUNCTION",
baring staff from these acts.  You have a right to know where
your property is actually going, whether donated or not, and
should have the right to get a property receipt of whats being
taken.


If you would like to have a say in where your property goes,
"PLEASE take time to participate in this class action request
for an Injunction.


            P.S. "REMEMBER, It's YOUR  MONEY"

## REQUEST FOR A LESS INTRUSIVE
## INJUNCTIVE RELIEF

**Under Dodge vs. County of Orange; a request for a less intr-usive relief to correct these harms are;**

1. V.M. Almager, Warden mandate that "Staff" post a MEMO infor-ming the inmate population of their Civil Right to use stamps to participate in a property mail out.

2. That "Staff be retrained in the proper handeling of mail and packages to be mailed out by postage, and that staff be given the proper weight scales and tools to accurately weigh property for stamp mail outs, and that "Staff give a properly signed receipt for all property shipped and or received.

3. That "Staff redefine the property mail out "Trustwithdrawel slip used for mail outs, so that it includes the defenition allowing stamp use, mail out date, a carbon copy for a reciept, and the copy placed on property card, or in property file which ever is efficient for staff while allowing due process to prevail.

4. That Staff be required according to the Title 15 to give a response and or a disposition as to all property issues,accord-ing to §3147. 5(A)&(B), which states that the Inmate "WILL BE" promptly informed in writing the disposition being made.

5. That the plaintiff, or (s), be allowed to mail Items to an correspondent of choice as long as the Inmate provides proper postage.  SEE §3138 (2).which states Facilities "WILL" establish and make available to all inmates procedures for shipping package (s), to their correspondents, which includes the use of stamps.

6.Finally that staff be held accountable for all property mailed out by stamps only up and until shipped out,and logged for out going mail pick up by the post office for delivery.  Staff only liable for loging out going mail, but need only postoffice to sign acknowledging ex amout of boxes recieved for mailout, which relie-ves staff of this liability that most likely to occur without the implementation of this requested Injunction.

ATTN: POBLACION DE INTERNOS/ YARDA B

RESPECTO:ENVIOS DE PROPIEDAD

**NOTA:**
Esta peticion se esta circulando para colectar firmas de esos internos que desean ejercer su derecho a usar estampillas del correo, tal y como lo dice la ley. Es una poliza bien conocida aqui en Centinela, que los oficiales de R&R no permiten el uso de estampillas para enviar propiedad, lo que es una violacion de sus Derechos Civiles.

Los oficiales de R&R quitan diariamente radios, televisiones, CD's, zapatos, joyeria, ropa, ect..., y despues recirculan la misma propiedad a otros internos, a quien le han perdido su propiedad, y les dan la propiedad que se les quito a otros internos.

**NOTA:**
Nuestras familias y amigos estan siendo extorcionados de su dinero. Hay que ponerle un alto a este juego de extorcion por parte de los oficiales de la prision.

Esta peticion pedira que la corte conceda esta ayuda que prohiba lo que estan haciendo los oficiales. Tienes un derecho a saver a donde va la propiedad que te quitan, si la estas donando o no, y el derecho a recibir un recibo de lo que te quitan.

Si quieres tener uno el derecho de decidir a donde va tu propiedad, porfavor tomate el tiempo para participar en esta peticion para una ayuda.

P.S.   RECUERDA, "ES TU DINERO"

PETICION PARA UNA AYUDA
MENOS INTRUSA

Bajo Dodge vs. Condado de Orange; una peticion para una ayuda menos intrusa para correjir estos danos es:

1. Que V.M. Almager, vigilante, oblique que los oficiales pongan un memo informando a la poblacion de internos de sus Derechos Civiles para usar estampillas para enviar propiedad a su casa.

2. Que los oficiales sean entrenados de nuevo en como manejar adecuadamente el correo y paquetes enviados a casa con estampillas, que les den las basculas apropiadas y herramientas para pesar precisamente la propiedad para el envio con estampillas, y que los oficiales den un recibo firmado, por toda la propiedad enviada y/o recibida.

3. Que los oficiales definan nuevamente el "Trust Withdrawal" para enviar propiedad, para que incluya la definicion permitiendo el uso de estampillas, fecha de envio, copia de papel carbon para recibo, y que la copia sea puesta en la tarjeta de propiedad o en el archivo de propiedad; el que sea mas eficiente para los oficiales, mientras que permita que el dicho proceso prevalesca.

4. Que sea requerido que los oficiales –de acuerdo con el "Title 15"– nos den una respuesta sobre todos los asuntos de propiedad, de acuerdo con la §3147.5 (A) y (B), que senala que el interno "SERA" apropiadamente informado por escrito de la accion tomada.

5. Que el/los demandante(s) sean permitidos enviar propiedad al corresponsal que uno quiera, todo y cuando proporcione suficientes estampillas. Vea §3138 (2), que senala que las prisiones estableceran y haran disponibles a todos los internos, los procedimientos para enviar el/los paquete(s) a su corresponsal, que incluye el uso de estampillas.

6. Finalmente, que a los oficiales los hagan responsables por toda la propiedad enviada con estampillas solamente hasta que sea enviada y registrada para que la recoja la oficina de correo para su envio. Los oficiales solo seran responsables de registrar la propiedad que sale, y que la oficina del correo firme reconociento por el numero de cajas recibidas para envio, que releva a los oficiales de esta responsabilidad, que es mas probable a ocurrir sin la implementacion de esta peticion.