cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE BELL, JR., | ) | Civil No. 08cv165 H (AJB) |
| Plaintiff, | ) | |
| v. | ) | Order Denying Request for |
| | ) | Appointment of Counsel |
| V.M. ALMAGER, Warden, | ) | [Doc. No. 8] |
| | ) | |
| Defendants. | ) | |

Plaintiff, a state inmate currently incarcerated at Centinela State Prison ("Centinela") and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff is seeking damages for alleged violations of his constitutional rights under the First, Fifth, Sixth, Eighth, Ninth and Fourteenth Amendments. (Compl. at 3.) Plaintiff contends that Defendants violated his rights by suppressing his freedom of speech  Plaintiff has filed a motion for appointment of counsel. Plaintiff argues that an appointment of counsel is required in this case based upon California Rule of Court 4.551(c)(2). Based upon Plaintiff's application and a review of the pleadings in this case, the Court concludes that there is no basis for appointment of counsel at this point in the proceedings.

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir.

1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, this Court does not find that exceptional circumstances exist so as to justify an appointment of counsel. Plaintiff has been able to set forth the factual and legal basis for his claims in a straightforward and intelligent manner with sufficient clarity to allow them to be addressed on their merits. Plaintiff's legal claims, and the factual bases for those claims in this case, are not so complex as to require the appointment of counsel. Accordingly, the Court finds that there do not exist "exceptional circumstances" requiring the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the proceedings. Plaintiff's motion is DENIED.

IT IS SO ORDERED.

DATED: March 7, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court