# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIE BELL, Jr.**, CDCR #H-90929,<br><br>                                    Plaintiff,<br><br>vs.<br><br>V.M. ALMAGER; GARCIA, Appeals Coordinator; D.J. DEGEUS, CCII Appeals Coordinator; R&R Package Officer,<br><br>                                    Defendants. | Civil No.   08-0165 H (AJB)<br><br>**ORDER:**<br><br>**(1) DENYING EX PARTE MOTION FOR PRELIMINARY CLASS ACTION INJUNCTION [Doc. No. 9];**<br><br>**(2)  DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); AND**<br><br>**(3) DENYING MOTION TO CERTIFY CLASS [Doc. No. 8] AS MOOT** |

## I.    Procedural History

On January 28, 2008, Plaintiff, a state inmate currently incarcerated at Centinela State Prison ("Centinela") and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In his original Complaint, Plaintiff sought to hold prison official at Centinela liable for their refusal to mail a package to Plaintiff's family because he allegedly had insufficient funds

in his inmate trust account. Plaintiff sought compensatory and punitive damages in the amount of $ 858,000.08. In addition to filing a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), Plaintiff also filed a Motion for Appointment of Counsel, and a Motion for Injunction and Temporary Restraining Order ("TRO").

On February 4, 2008, this Court granted Plaintiff's Motion to Proceed IFP and denied Plaintiff's Motion for Appointment of Counsel. This Court later sua sponte dismissed Plaintiff's Complaint for failing to state a claim and denied Plaintiff's Ex Parte Motion for Permanent Injunction. *See* Feb. 21, 2008 Order at 9. Nonetheless, the Court permitted Plaintiff the opportunity to amend his Complaint to correct the deficiencies of pleading identified by the Court. *Id.* at 8-9. On February 28, 2008, Plaintiff filed his First Amended Complaint ("FAC"), as well as another "Motion for Preliminary Class Action Injunction." [Doc. Nos. 7, 9].

# I.

## PLAINTIFF'S MOTION FOR INJUNCTION AND TRO

Plaintiff has filed a "Motion Requesting Preliminary Class Action Injunction" [Doc. No. 9], along with an affidavit in support of his Motion.

Rule 65 of the Federal Rules of Civil Procedure provides that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, is any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED.R.CIV.P. 65(b).

Plaintiff's Motion for Injunction does not comply with Rule 65(b)'s important procedural notice requirement. Here, Plaintiff has not demonstrated that his First Amended Complaint, or his Motion have been served on any named Defendant. And while Defendants, as employees of the CDCR, may ultimately be represented by the Attorney General in this matter, there has been no appearance on any Defendant's behalf by the Attorney General at this preliminary stage of the proceedings. Moreover, Plaintiff has not submitted a sworn affidavit or declaration

certifying that any efforts have been made to give notice of his Motion or First Amended Complaint to any named Defendant, which is required by Federal Rule of Civil Procedure 65(b).

As noted above, under Federal Rule of Civil Procedure 65(b), a TRO may be granted without notice to the adverse party or that party's attorney *only* if "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." FED.R.CIV.P. 65(b).  Federal Rule of Civil Procedure 65(b) also requires the Plaintiff to certify to the Court "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Id. Plaintiff has not provided the Court with any reasoning why Defendants have not been notified of Plaintiff's request for a preliminary injunction.

Plaintiff's Motion does not comply with these elemental procedural requirements of Federal Rule of Civil Procedure 65(b).  Thus, for all these reasons, the Court must **DENY** without prejudice Plaintiff's Motion for Preliminary Class Action Injunction [Doc. No. 9] pursuant to FED.R.CIV.P. 65(b).

### III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court previously stated, the Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 obigates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

The Court has reviewed Plaintiff's First Amended Complaint and finds that it is nearly identical to Plaintiff's original Complaint. Thus, the Court must dismiss Plaintiff's First Amended Complaint for containing many of the same deficiencies of pleading previously identified by the Court.

**A.    Property Claims**

The entire basis of Plaintiff's action arises from a prison official's refusal to allow Plaintiff to mail a watch he had received from his family to his nephew because he had insufficient funds in his inmate trust account to pay for postage. Ultimately it appears that Defendants confiscated the watch because it was against the prison's policy for an inmate to have more than one watch. To the extent that Plaintiff wishes to bring a claim relating to the unauthorized deprivation of his property, such a claim will not state a federal cause of action under § 1983 if the plaintiff has an adequate post-deprivation state remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an

adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the taking of his property are not cognizable in this § 1983 action, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

### B.     Respondeat Superior

As he did in his original Complaint, Plaintiff seeks to hold Defendant Almager, the Warden for Centinela, liable for the alleged actions of the other Defendants that confiscated Plaintiff's watch. To state a claim against a state official under section 1983, the complainant must allege direct personal participation by each defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *Paine v. City of Lompoc*, 265 F.3d 975, 984 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give rise to liability" is a necessary element of the § 1983 claim).

Thus, as Warden of Centinela, Defendant Almager may only be held liable for the constitutional violations of his subordinate officers if he is alleged to have participated in or directed the alleged violation of Plaintiff's constitutional rights. *See Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) ("It has long been clearly established that '[s]upervisory liability is imposed against a supervisory official in his individual capacity [only] for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.'") (citations omitted). Plaintiff makes no such allegations of personal participation on the part of Warden Almager. If there is no affirmative link between a defendant's alleged conduct and the prisoner's alleged injury, there is no deprivation of constitutional rights. *Rizzo v. Goode*, 423 U.S. 362, 370 (1976). Therefore, Plaintiff's First Amended Complaint must be also be dismissed as to Warden Almager for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d 246.

### C.  Fourteenth Amendment Due Process Claims

Once again, Plaintiff claims that his due process rights were violated when prison officials failed to properly process his administrative grievances. The Fourteenth Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Thus, to state a procedural due process claim, Plaintiff must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

To the extent Plaintiff challenges the procedural adequacy of CDC inmate grievance procedures, his First Amended Complaint, once again, fails to state a due process claim. This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

In addition, Plaintiff has failed to plead facts sufficient to show that any named prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner. While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants: (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997). Plaintiff pleads no facts to suggest how

the allegedly inadequate review and consideration of his inmate grievances amounted to a restraint on his freedom not contemplated by his original sentence or how they resulted in an "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84. Accordingly, Plaintiff's Fourteenth Amendment due process claims are dismissed for failing to state a claim upon which § 1983 relief can be granted.

## IV.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Preliminary Class Action Injunction [Doc. No. 9] is **DENIED** without prejudice for failing to comply with FED.R.CIV.P. 65(b).

2. Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. Because it does not appear "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

**IT IS FURTHER ORDERED** that:

3. Plaintiff's Motion to Certify Class [Doc. No. 8] is **DENIED** as moot.

The Clerk shall close the file.

DATED April 28, 2008

_____
**HON. MARILYN L. HUFF
United States District Judge**