WIllie Bell H-90929
C.SP. PO.BOX 911
Imperial, Calif 92251
B2- 223Low

FILED

2008 JUN 24 PM 2: 42

Willie Bell,Jr. et,al.
      plaintiff

NUNC PRO TUNC

JUN 19 2008

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY KM

vs.

CASE NO. 08cv0165H(AJB).  DEPUTY

V.M. Almager et al.

Motion to Reconsider & Alter
Judgment under Fed Rule 59(e).

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Petitioner Willie Bell revisits the courts in regards to request
ing the courts to reconsider and alter the judgment on the
grounds listed within this request. This motion is being sub-
mitted in compliance to Rule 59(e) and according to the penal
codes 3191,(a),& (b).- 3191 (5d.). 3161 5A-5b, 3193 (b)&(c),
3147(b), & all other listed penal codes and statutes listed
listed within this filing. Under the 14th amendment DUe Process
Clause, the petitioner claims that the dismissal of the petit-
ioners claims violated the Due process Clause as to the rights
where the petitioner had "Liberty Interest(s) accordinng to
his constitutional rights under the 1st,4th,5th,6th,8th,9th,&
14th amendment, which are still being allowed to be violated
by which still exist. Petitioner asserts that these violations
alter the Liberty Interest of the Due Process Clause, under
the 14th amendment, and the rights of those situated in simi-
lar position. The petitioner prays that the courts would re-
consider the Judgment, in light of the in-experience of law
by the petitioner, and in light of the civil violations that
still exist. .

## CASE HISTORY BRIEF
### DECLARATION UNDER OATH BY PETITIONER

1. On

2.

3.

4.

5.

6.

7.

8.

9.

10.

11.  To the Honorable Judge of the Southern District Court. The

12.  Petitioner Willie Bell a prisoner comes forth in the requesting

13.  for consideration in allowing the past Case No. 08cv0165H (AJB)

14.  to be re-considered and allowed to proceed according to many

15.  procedural defects that affected the delays in the Defendants

16.  proper responses that lead to the Case No. 08cv0165H(AJB) being

17.  dismissed for reasons not in the control of the petitioner.

18.  (1)st. Petitioner filed his original filing Bell vs. Almager

19.  Case NO.08cv0165H(AJB), which was accepted and allowed to proceed

20.  court ORDER granting [2]Motion for Leave to proceed in forma

21.  pauperis, and denying [3] Motion to appoint Counsel, signed

22.  by judge Marilyn L. Huff on 02/04/08 with a notice electronically

23.  mailed to the Attorney general docketing 3:08-cv-165. Upon this

24.  receiving of the courts ORDER to proceed the plaintiff had sent

24.  off already 3 copies to the court clerk with a stamped envelope

25.  requesting a receipt of when the Defendants were served, but

26.  received no such reply. On 02-12-08  the prison went on a lock-

27.  down for about a week, and then another incident took place

28.  a riot in the two Bldg with the Blacks & Hispanics which was

1.

1. anweek later..this lasted up until a few days ago which was

2. on 05-22-08 . There was no prison movement for those with no

3. court deadlines to meet. I waited for about 20 days, awaiting

4. a response from the Defendants beleiving they were served, and

5. never received a ORDER from the U.S. FEDERAL MARSHALLS stating

6. when were they served, nor any response telling me anything.

7. I became weary because the law librarian Mrs.Cotero responded

8. not to any of the 5 forms I sent in requesting "Access to the

9. law library to be able to properly send & OR FILE ANY type of

10. response to the courts properly without access. I proceeded

11. to attempt to Amend my complaint by filing a Motion that had

12. requested the allowing & a request to file a First Motion for

13. a chance to amend complaint not knowing that the Defendants were

14. never claimed to be served. The petitioner has a receipt & a

15. proof of service showing the serving of copies tothe court by the

16. plaintiff to the court clerk, and a returned envelope with the re

17. quest sent back from the court clerk un answered. (2). The Motion

18. / First attempt to amend was denied by the courts stating it was

19. being Filed Rejected, stating that an Amended Complaint was on

20. file already, which is not a fact, nor do courts retain a record

21. of an Amended complaint, nor ever granted one filed,or to be.

22. On Mar 03,2008 petitioner received the courts Motion denying the

23. petitioners Motion for leave to file an Amended complaint, which

24. was the only attempt, while on lockdown with no law library acce

25. ess being granted. See [COURT DOC 10, & Exhibit(s) 14 pg 1-2 ).

26. Upon the  receiving of the courts rejected Motions et,al that was

27. sent by the petitioner, Willie Bell, the decision then by the

28. petitioner was to wait for the court/ courts clerk to  respond &

give further  directions as how to, or when to proceed allowing

the Defendants a chance to respond, of which never took place.

On 04- 28-08 on the courts [DOC 12- 1-7 an ORDER Denying (1) EX

PARTE CLASS ACTION MOTION DOC.NO. 9.  (2). DISMISSING FIRST AMEND

ED COMPLAAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28U.S.C.§§

1915(e)(2)(B) & 1915A(B); and  (3). DENYING MOTION TO CERTIFY THE

CLASS [DOC NO. 8) AS MOOT, and giving the courts reasons and sta-

ting why the petitioners due process claims were being dismissed.

DATED APRIL 28,2008, ( Still on lock down, with no access) .


The petitioner is asking the courts to allow the petitioner to go

forth and proceed on the fact(S) that: (1) The petitioner never

received an ORDER from the U.S. FEDERAL MARSHALLS stating When to

serve the defendants, nor could I get access, due to no prison

movement. SEE Exhibits.       (2). Petitioner has records and proof

of service(s) as to when the Defendants were served, also See Exh

(  1 - 10  ), which shows that copies were sent to the Defendants

from the original filing in forma pauperis, and sent to the court

clerk to serve the defendants, with a SASE requesting receipt of

when it was done, to know when the Defendants would, or how long

it should be for their first response.   (3). The petitioner is

requesting the courts to Re- consider the petitioners request, &

allow  him to re-serve the Defendants again,  requesting 30 days

Grace to File a First amended Complaint with the courts, and  a

chance to proceed on the merits of which can be corrected, and be

allowed to comply with FED.RCIV.P65(B), ET,AL... The petitioner

prays for consideration being that the lock down ect al,errors

were beyond the petitioners reach to be able to be in compliance.

1. Petitioner  claims and can show by the Prison Law Library when &

2. where he sent copies to the court clerk, requesting delivery of

3. filing to be made with courts, provided clerk with a copy, and a

4. set of copies for the clerk to forward to the defendants. See exh

5. -ibit ( 1-10 ).  Petitioner contends that under good faith he bel-

6. eived that the additional copies would be served to the defendant

7. (s) by the court clerk, of which was provided, and the petitioner

8. retains a receipt showing charges against his account for the

9. said copies which were sent to the courts by the Law Librian, Mrs

10. Cotero.  The prison rules for retaining copies to send out to

11. courts are that, the Law Librian, has it logged in, counts the

12. said number of copies to be sent, Retains them in her posession,

13. an personally sends them out to the said court, by prison mail

14. processing, allowing no copies to be retained by an inmate acc-

15. ording to the Prison Law Library Rules.  Therefore if no copies

16. were sent to the courts on the said delivery date shown ( 1-24-08)

17. and logged in the Law Library Log Book,  the reason for not being

18. served went out of the hands of the plaintiffs control, but can

19. be subpoenead for proof of delivery.  (2). Petitioner also claims

20. that the courts claims as to the defendants not being served,

21. concerns the plaintiff, as according to Exhibit( 1 ), which state

22. (s) and shows an [ELECTRONIC MAILING] was sent to the Attorney

23. General / docketingsdawt@doj.ca.gov, by courts, and also to the

24. petitioner on seperate court motions/docs which would have one

25. / the petitioner under the presumption that the defendants had to

26. have been made aware of the petitioners 42 USC 1983 Civil filing

27. at some point to be able to respond, if an electronic filing was

28. sent on each motion denial, requested by the petitioner. EX(13,14).

1.  Petitioner contends that under rule 4(C), and by the establishing

2.  of ones indigency, that the delivery of documents were to be proc

3.  -essed by the court clerk, and delivered to the defendants and

4.  served quickly by the US Marshalls postal service, according to

5.  section 1915(b)(1), of Title 28, which the petitioner assumed his

6.  indigent status included, if copies were provided by plaintiff.

7.  See Exhibit ( #1  ).  Upon the petitioners first and original

8.  filing, copies were sent via to the court clerk with a request

9.  that they serve the defendants at the prison, to assure that

10. they were served. The petitioner claims under oath that he await-

11. ed for a timely response from the defendants, and received none.

12. The petitioner Willie Bell then responded to the courts with

13. a motion for a request to amend, along with a motion for an

14. TRO - Injunction. with copies sent to the court clerk, requesting

15. the court clerk to serve copies to the defendants, of which

16. was denied and Filed Rejected. See Exhibit ( #14 ), never allowing

17. the plaintiff to actually amend his claims.  Petitioner claims

18. that the closing of the petitioners constitutional claims, and

19. the Liberty Interest under § 3147(b), A Liberty Interest which

20. allows a prisoners right under the title 15 access to the post

21. Office by the use of postage, and under § 3191 which allows

22. an Inmate a liberty interest to use postage at the inmates own

23. expense.  Under the title 15 § 3138 Gen Mail Regulations state:

24. Facilities (SHALL) establish & make available to all Indigent

25. inmates procedures for shipping packages to their correspondents,

26. of which is a Liberty Interest which is being violated, dismissed

27. and no where does the Title 15 allow for the petitioner to be

28. prejudiced and discriminated against, of these Liberty Interest.

( 1 ).

1  The petitioner asserts that the courts dismissal of the claims

2  prejudice the petitioners Due Process, under the 14th amendment

3  due process clause which state under the 1st Amendment, access to

4  the postal service while being Indigent, "Access Shall be Provid-

5  ed under th Title 15 § 3138. See Procunier vs. Martinez 416 U.S

6  396.

7  ( 2 ).

8  Petitioner contends that under the Due Process Clause of the

9  14th Amendment, the petitioner claims that a Property Interest

10  still exist under the 14th amendment. Without any property,

11  such as "Mail", or any" such Item(s) of in interest to be mailed,

12  there would lye no liberty interest to be sought under § 3138

13  & § 3147(b), under Procunier vs. Martinez 416 U.S. 396. Therefore

14  under these Governmental penal codes Instituted of which the

15  Prison is Governed under, must be upheld, or the dismissal of

16  the petitioners claims are "FAIR" by the courts ruling, which

17  allows the Laws Instituted to be rendered null and void, and

18  allow the petitioner and those situated in similar, rights be

19  taken away and rendered void, and allowed to be discriminated

20  against, leaving no "Access to Mailing out their property under

21  state laws that were designed under the constitution to protect

22  them.  See Procunier vs. Martinez.  416  U.S. 396.

23  The petitioner would plead to the courts a chance to amend his

24  claims, and allow him to proceed, and re- serve the defendants

25  under Case No.  08cv0165H(AJB), Bell vs. Almager being that the

26  courts dismissal leaves the petitioner to beleft discriminated

27  against by being indigent, & all rights to participate in a state

28  provided program, and all liberty interest to be abriged by the

1  the courts ruling. See Exhibit ( #15 1-7 ), ON THE Courts ruled

2  Motion, pages 1-7 et, al, an ORDER (1). Denying Preliminary Class

3  Injunction, [ DOC 9]; (2). Dismissing complaint for failing to

4  state a claim, of which was stated in the attempted BUT DENIED

5  First Amended Complaint. See Exhibit ( #14 ).   (3). ORDER

6  DENYING MOTION TO CERTIFY CLASS [ DOC. NO.8 ] as moot.

7  [W]hen determining whether a complaint states a claim, a court

8  must accept as true all allegations of material fact, such as

9  all Governmental Instituted Penal Codes that entail and also

10 give a remedy and a claim that is, and allows for a Liberty

11 Interest, of which cannot be rendered void by a judgement not

12 enacted by legislature, of which should require a reversal of

13 the judgement, and allowed to proceed on the merits. On page

14 4 of 7 of DOC# 12 - 1, line 12-15, the Courts Order state that

15 the complaint fails to state a claim upon which relief can be

16 granted. The petitioner contends that the Defendants were &

17 still are not Immune from violations of criminal law, nor from

18 an ORDER by the Courts intervening to put an end where an Indi-

19 gent Inmate(s), LIberty interest Instituted by Governmental Penal

20 codes govern the acts & or actions of their State Employees, that

21 violate the Rules that govern the procedures of prison according

22 to the Title 15 § 3138, § 3147(b), & § 3191, which guarantee a

23 Inmate a LIberty Interest, under the 14th amendment, according to

24 Procunier vs. Martinez. 416 U.S. 396. which were and was protect-

25 ed under the petitioner original and court excepted 42 USC. 1983

26 filing.  The petitioner and those situated in similar also protec

27 -ed under Procunier vs. Martinez, claim that those Indigent Inmat

28 -es remain prejudiced against, and have no other protected intrest,

7

## CONCLUSION AND PRAYER
## FOR RELIEF

that would allow the Petitioner/Inmates and those similary situat

-ed access to exercise their constitutional right(S) to be able

to participate in being able to mail their packages/property by

the use of Federal Postage STamps as allowed by the Title 15 §

3147(B) & 3138 which is still being denied access by the Warden,

Staff, et.al. which violates the said Liberty Interest thats pro-

tected under the 14th amendment, & under Procunier v. Martinez

416 U.S. 396. Without these protected Liberty Interest, the petit

-ioner & those similarly situated remain unable to exercise their

their rights.   Therefore the petitioner would pray that the court

would allow the petitioner to proceed in forma pauperis and grant

-ed permission to proceed where the petitioners Liberty Interest

does lye, and can be shown if allowed to proceed.



                    Sincerely,

                    Willie Bell CDC# H -90929
                    C.S.P.  po.box 911
                    Imperial , Ca 92251  B2- 223 L



Petitioner claims that all claims stsated are true to the best of

his knowledge, and will testify in his own behalf if requested

by the courts as to these statements under oath  X _Willie Bell_

                              DATED    X _6 - 17 - 08_

## VERIFICATION

STATE OF CALIFORNIA .) On this day, Listed Court Pleadings Were Given
COUNTY OF IMPERIAL    ) To Prison Official For Filing/Mailing
                ( C.C. P. §446 & 2015.5; 28 U.S.C. §1746

I, Willie Bell _____, declare under penalty of perjury that:
I am the Petitioner in the above-entitled action; I have read the fore-
going documents and know the contents thereof; and the same is true of
my own knowledge except as to matters stated therein upon information
and belief, and as to those matters, I believe they are true:
Executed this 10th day of June _____, 2008 ., at Centinela
State Prison, P.O. Box 911, Imperial, CA 92251,

[Signature] Willie Bell .
                DECLARANT/PRISONER

*******************************************

### PROOF OF SERVICE BY MAIL

( C.C.P. Sec. §1013 (a) & 2015.5; 28 U.S.C. Sec.§1746.)

I, Willie Bell, am a resident of Centinela State Prison,
in the County of Imperial, State of California; I am over the age of
eighteen (18) years and am not a party of the above-entitled action. My
state prison address is:

_____, Imperial, CA 92251.

On 6-10, 2008, 2007, I served the foregoing:
1 Proof Of Service, (1) Request
For Attorney Gen Name + Address For Case Bell v
Almager / Also 1 Copy Request Of US Marshalls order to
(Set forth the exact title of document (s) served.) Serve Defendan
on the part (s) herein by placing a true copy (s) thereof, enclosed
in a sealed envelope (s), with postage thereon fully paid, in the
United States Mail, in a deposit box so provided at Centinela State
Prison, P.O.Box 911, Imperial, CA 92251, addresses:

to: The Court Clerk
U.S. Dist Of Calif
Office Of the Clerk
880 Front Street Suite 4290
San Diego, Ca 92101·8900

There is delivery service by United States Mail at the so addressed,
and/or there is regular communication by mail between the place of
mailing and the place so addressed. I declare under penalty of perjury
that the foregoing is true and correct.

Dated: June 18· 08, 2007

Willie Bell .
DECLARANT/PRISONER

6-18-08

I, Willie Bell CDC# H-90929
Do Declare Under Oath that, I
have, I Never was ever given Notice
By th U.S. Marshalls office as When
to Serve the Defendants During Any
Course of these proceedings that were
Dismissed by the Court.

I, also declare under oath that I
have been on a prison lock down
As stated in Motion for Reconsideration.

I Am also declaring under oath that
I have Attempted 3 times to obtain
A copy of the Modified Program order
Showing prison lock down Dates by
The prison yard sergeant & still waiting,
but will provide if Needed, & Requested
by order. On this          18th Day of June,
2008.          Signed   Willie Bell H-90929
                        Dated 6-18-08

PETITIONERS PROOF OF SERVICE
ON DEFENDANTS & EXHIBITS

FACT # 1.

This Document is a record showing proof of service was sent

to the Defendants, by the plaintiff in the original filing to

the courts for in forma pauperis of which was granted. SEE the

listed exhibits( 1- 6   ) and proof of services on the Defendants

dated 01-24-08 On Trustwithdrawel Order in the amount of $15.00

placed against the prison account for copies to be sent to the

court clerk.to serve the Warden/\tooserve his remaining staff,

being that the law library wont provide no more than three copies

which only leaves (1) for the Courts, (1) for the Court Clerk, &

(1) copy for the defendants. This is the rule told to me by the

Law Libriarian Mrs. Cotero. I can send them however I like, but

only allowed (3). This rule makes it difficult to properly serve

all parties according to the library rules."
FACT # 2.
On 02-12-08 the prison went on a lock down. On 02-20-08 I sent to

the court clerk a letter with copies attempting to Amend claims,

A Motion for an Injunction, & A Motion request for counsel as one

package to serve Defendants, not realizing that they never were

originally served. See Ex (8-10      ).
Fact # 3.
On 03-24-08 on courts [DOC 10.), the courts Motion Rejecting" the

petitioners Motion to File a First Amended Complaint. See Ex( 14

        ).

FACT # 4.
On  03-24-08 petitioner wrote the court clerk in regards to when

were the Defendants served. See Exhibit( #11  ) which was return-

ed back with the court stamp on envelope, but with no reply. See

Exhibit ( 10   ), with the clerks stamp on envelope being receiv-

er

## PETITIONERS PROOF OF SERVICE
## ON DEFENDANTS & EXHIBITS

ed by the court clerk, and signed on the back side of Exhibit

( 10   ), by the floor Officer Mrs. Edmonds validating the mail

was sent out, and returned.

Fact # 5.

On 04-28-08 the petitioner then received the courts ORDER [12

DENYING,AND DISMISSING CLAIMS  on the courts Order [12 et,al. See

exhibit(  15  ) DOC 12, # 1 - 7, et,al...

Petitioner contends that the prison lockdown, and all stated

and shown events, hindered the access to the courts, et,al that

were shown by proof of Documents.

The petitioner claims that all the statements are true, and ask

for re-consideration in the allowing to proceed in forma paperis

and allowed to Amend his claims and re-serve the Defendants, due

to circumstances beyond his control.

Respectfully Submitted

WILLIE BEll H-90929

Signed   X _____

DATED    X   6 - 1 8 - 0 8

Bell, Willie

H 9092 SPECIAL PURPOSE LETTERS

ex 4.

| Name & Title | Sent | Rec'd | To/For | Rec'd | Address | Sent | Rec'd |
|---|---|---|---|---|---|---|---|
| Amy James Attila | | | A. Kaufman, asst. clerk Secretary, Courthouse West D. | | 1101 S. La Cienega Blvd. L.A. CA 90045 | | |
| Asst. Secretary County Court | 1/23/04 | | District Atty. Superior Courthouse West D. | 2/9/05 | | | |
| Midwest Office | | | Law Office of Andrew M. Straw | 1-15-06 | 4944 Flower St. Bell Flower, CA 90706 | 9-28-07 | 9-28-07 |
| Mr. Davidson Atty | | | Law office of Keith M. Davidson | | 8383 Wilshire Blvd. Beverly Hills, CA 90211 | 9-28-07 | 9-28-07 |
| Western, Schmidt Atty | 4/1/06 4/2/06 | | Supreme Courthouse Court clerk A. Kaufman | | 1101 S. La Cienega Blvd. L.A. CA 90045 | 9-28-07 | 9-28-07 |
| | | | Airport Courthouse Sup Court West District | | | 9-28-07 | |
| Solo | 5/9/06 | | Gov. Court of CA Co of LA Central District Class shortridge | 5/9/06 | Edmund Justice Center 210 W. Temple L.A. CA 90012 | 9-28-07 | 10-4-07 |
| Bar of CA | 5/17/06 | | Adrienne Koniger Macklin Esq. Inglewood Unified School District | 5/17/06 | 106 E. Manchester Ave. ste 250 Inglewood CA 90301 | 9-28-07 | 6-15-07 |
| | 5/18/06 | | Sup. Court of CA Co. of LA Airport Court | 5/18/06 | 11701 S. La Cienega Blvd. L.A. CA 90045 | | |
| Dept E-Phineus I-Verde Court | 5/27/06 | | Appellate Appeal Branch | 5/27/06 | P.O. Box 94 2893 Sacramento, CA 94203-001 | 10-24-07 | |
| 4th Civil Superior Ct. Western Salon | | | Warren M. Al Wargner Clerk H. Kramm Dept of Corrections | 5/25/06 | Corcoran State Prison | 10-24-07 | |
| State Prison of CA | 5/25/06 | | Sp. Court of CA | 5/25/06 | 11701 S. La Cienega Blvd. L.A. CA 90045 | 10-24-07 | |
| Solo | | | Chief, Inmate Appeal Branch Dept of Corrections | 5/31/06 | P.O. Box 942883 Sacramento, CA 94283-001 | 11-14-07 | |
| Son Law Off Gen. Delivery San Quentin, CA 94944 6/05/06 | | | Office of the Chief Trial Counsel intake unit bar | 6/05/06 | 1149 S. Hill Street L.A. CA 90015-2299 | | 12-13-07 |
| Solo | | | Court Clerk Supervisor Court | 6/15/06 | 1701 S. La Cienega Blvd. L.A. CA 90045 | 1-3-08 | |
| Mr. Thomas Atty Botsm West CA 90012 9/7/06 | | | U.S. District Court of CA Southern District of CA | 9/7/06 | 880 Front St., Rm 4290 San Diego CA 92101-8900 | 1/11/08 | see ex. |
| Returned for more postage & sent out again | 9/2/06 | | Clerk U.S. Court of Appeals for Ninth Circuit | 9/2/06 | P.O. Box 193737 San Francisco, CA 94119-3797 | 1-25-08 1-28-08 | 1-6 |
| Returned again for more postage Finally mailed again | 9394 Main St. El Cajon | 10/3/06 10/4/06 | U.S. District Court for the Southern District San Diego | 10/3/06 10/4/06 | San Diego CA 92101-8900 | 2-8-08 | 2-1-06 |
| Grander Co. Clerk P.O. Box 53372 L.A. CA 90053 | 7/7/06 | | Registrar Recorder/County Clerk Business Registration | 7/7/06 | P.O. Box 53592 L.A. CA 90053-0592 | | 2-11-08 |
| Superior Court 9394 Main St. El Cajon 5-3-06 | 2/1/07 | | U.S. District Court Southern District of CA | 2/1/07 | San Diego CA 92101-8900 | | 2-14-08 |
| Westate Bar CA 1149 S. Hill St. L.A. CA | | 5-25-07 | CA Western School of Law San Diego | 5-25-07 | 225 Cedar St. San Diego, CA 92101 | | 2-14-08 |
| | | 6-15-07 | Sup. Court of CA Co. of LA Airport Court | 6-15-07 | L.A. CA 90045 | 2-19-08 | 2-19-08 |
| | | 6-8-07 | CA Western School of Law San Diego | 6-8-07 | San Diego CA 92101 | | 2-19-08 |
| Quidson & Assoc. 633 Wilshire Blvd Ben Hills | | 7-5-07 | Northern Lawyers Guild William L. Schmidt, Esq. | 7-5-07 | 132 Wassely St., Rm 422 New York, NY 10028 | 2-14-08 | |
| MSM Law Office Boreal Delivery Syskenhn | | 7-10-07 | Law Office | 7-10-07 | 747 Price St. #70 Pismo Beach, CA 93449 | 2-25-08 | |
| Willie J. Motterfepass P.O. Box 9428630 San Geo | | 7-11-07 | US Dist. Ct. | 7-11-07 | San Diego, CA 92101 | 2/07/08 | 2/07/08 |
| The Bell T sr. 2769 N. Beechwhiat st. L.A. CA 92865 | | | | | | 2/07/08 | 2/07/08 |

_Exhibit 1_

## VERIFICATION

STATE OF CALIFORNIA  ) On this day, Listed Court Pleadings Were Given
COUNTY OF IMPERIAL    ) To Prison Official For Filing/Mailing
( C.C. P. §446 & 2015.5; 28 U.S.C. §1746

I, _Willie Bell_____, declare under penalty of perjury that:
I am the _Plaintiff_ in the above-entitled action; I have read the fore-
going documents and know the contents thereof; and the same is true of
my own knowledge except as to matters stated therein upon information
and belief, and as to those matters, I believe they are true:

Executed this _26th_ day of _Feb_____, 200_8_, at Centinela
State Prison, P.O. Box _911_, Imperial, CA 92251

[Signature]  _Willie Bell_____.
DECLARANT/PRISONER

*******************************************

## PROOF OF SERVICE BY MAIL

( C.C.P. Sec. §1013 (a) & 2015.5; 28 U.S.C. Sec.§1746.)

I, _Willie Bell #90929_, am a resident of Centinela State Prison,
in the County of Imperial, State of California; I am over the age of
eighteen (18) years and am not a party of the above-entitled action. My
state prison address is:

_C.S.P. P.O. Box 911_____, Imperial, CA 92251.

On _Feb 26_____, 200_8_, I served the foregoing:

_I Amended Civil Suit For Court Clerk to Serve_
_to the Defendants! Et Al... V.M. Almager_

_____
(Set forth the exact title of document (s) served.)

on the part (s) herein by placing a true copy (s) thereof, enclosed
in a sealed envelope (s), with postage thereon fully paid, in the
United States Mail, in a deposit box so provided at Centinela State
Prison, P.O.Box _911_, Imperial, CA 92251, addresses:

_Name Of Party to be Served: (1 Civil Suit) et al_
_V. M. Almager / Warden_        _only Allowed_
_C.S.P. P.O. Box 911_
_Imperial, Ca 92251_

_3 copies at Law Library._
_Warden can serve copies to_
_his staff et al... If not_
_served by Court Clerk..._
_4 copies - Court Clerk_
_4 copies - Warden + my copy_

There is delivery service by United States Mail at the so addressed,
and/or there is regular communication by mail between the place of
mailing and the place so addressed. I declare under penalty of perjury
that the foregoing is true and correct.

Dated: _Feb 26th_____, 200_8_    _Willie Bell Jr._____
DECLARANT/PRISONER

Exhibit 2

## VERIFICATION

STATE OF CALIFORNIA  .) On this day, Listed Court Pleadings Were Given
COUNTY OF IMPERIAL     ) To Prison Official For Filing/Mailing
              ( C.C. P. §446 & 2015.5; 28 U.S.C. §1746

    I, _Willie Bell_, declare under penalty of perjury that:
I am the _Plaintiff_ in the above-entitled action; I have read the fore-
going documents and know the contents thereof; and the same is true of
my own knowledge except as to matters stated therein upon information
and belief, and as to those matters, I believe they are true:
    Executed this _26th_ day of _FeBuary_, 200_8_, at Centinela
State Prison, P.O. Box _911_, Imperial, CA 92251

    [Signature] _Willie Bell_
                      DECLARANT/PRISONER

*********************************************

## PROOF OF SERVICE BY MAIL

   ( C.C.P. Sec. §1013 (a) & 2015.5; 28 U.S.C. Sec.§1746.)

    I, _Willie Bell H-90929_, am a resident of Centinela State Prison,
in the County of Imperial, State of California; I am over the age of . . . .
eighteen (18) years and am not a party of the above-entitled action. My
state prison address is:
_C.S.P. Po Box 911_, Imperial, CA 92251.
   On _Feb 26th_, 200_8_, I served the foregoing:
_1 Ameused Cuil Suit for courts Clerk (2 Copies) To_
_Be serveo to the Defeusaults Et Al...._
_S. J. Wilhelm at C.S.P. on 2-26-08_
    (Set forth the exact title of document (s) served.)
on the part (s) herein by placing a true copy (s) thereof, enclosed
in a sealed envelope (s), with postage thereon fully paid, in the
United States Mail, in a deposit box so provided at Centinela State
Prison, P.O.Box _911_, Imperial, CA 92251, addresses;
_Prrty to be serveo , (1. Ciuil Suit)._
_S. J. Wilhelm / R&R Sergeant_
_C.S.P. Po Box 911_
_Imperial Ca 92251_

There is delivery service by United States Mail at the so addressed,
and/or there is regular communication by mail between the place of
mailing and the place so addressed. I declare under penalty of perjury
that the foregoing is true and correct.

Dated: _Feb 26th_, 200_8_

               _Willie Bell Jr._
               DECLARANT/PRISONER

<u>VERIFICATION</u>                    Exhibit 3

STATE OF CALIFORNIA  ) On this day, Listed Court Pleadings Were Given
COUNTY OF IMPERIAL   ) To Prison Official For Filing/Mailing
             ( C.C. P. §446 & 2015.5; 28 U.S.C. §1746

        I, _Willie Bell_____, declare under penalty of perjury that:
I am the _Plaintiff__ in the above-entitled action; I have read the fore-
going documents and know the contents thereof; and the same is true of
my own knowledge except as to matters stated therein upon information
and belief, and as to those matters, I believe they are true:
        Executed this _26th_ day of _February_____, 2008, at Centinela
State Prison, P.O. Box _911_, Imperial, CA 92251

             [Signature] _Willie Bell_____.
                         DECLARANT/PRISONER

        ********************************************
             <u>PROOF OF SERVICE BY MAIL</u>
        ( C.C.P. Sec. §1013 (a) & 2015.5; 28 U.S.C. Sec.§1746.)

        I, _Willie Bell H-90979_ am a resident of Centinela State Prison,
in the County of Imperial, State of California; I am over the age of
eighteen (18) years and am not a party of the above-entitled action. My
state prison address is:
_C.S.P. Po Box 911_____, Imperial, CA 92251.
        On _Feb 26, 08____, 2008, I served the foregoing:
1- Civil Suit for Court Clerk to serve the Defesant
Listed Below
    D.J. Deguess At C.S.P. on 2-26-08
        (Set forth the exact title of document (s) served.)

on the part (s) herein by placing a true copy (s) thereof, enclosed
in a sealed envelope (s), with postage thereon fully paid, in the
United States Mail, in a deposit box so provided at Centinela State
Prison, P.O.Box _911_, Imperial, CA 92251, addresses:
Name of Party to Be served. (1. Civil Suit).
D.J. DEQUESS / Appeals Coordinator
C.S.P. Po Box 911
Imperial, CA 92251

There is delivery service by United States Mail at the so addressed,
and/or there is regular communication by mail between the place of
mailing and the place so addressed. I declare under penalty of perjury
that the foregoing is true and correct.

Dated: _2-26-08__, 2007       _Willie Bell Jr_____.
                              DECLARANT/PRISONER

## VERIFICATION

Exhib. 4

STATE OF CALIFORNIA   ) On this day, Listed Court Pleadings Were Given
COUNTY OF IMPERIAL    ) To Prison Official For Filing/Mailing
( C.C. P. §446 & 2015.5; 28 U.S.C. §1746

I, _Willie Bell_, declare under penalty of perjury that:
I am the _Plaintiff_ in the above-entitled action; I have read the fore-
going documents and know the contents thereof; and the same is true of
my own knowledge except as to matters stated therein upon information
and belief, and as to those matters, I believe they are true:

Executed this _26th_ day of _February_, 200_8_, at Centinela
State Prison, P.O. Box_911_, Imperial, CA 92251

[Signature] _Willie Bell Jr._
DECLARANT/PRISONER

*******************************************

## PROOF OF SERVICE BY MAIL

( C.C.P. Sec. §1013 (a) & 2015.5; 28 U.S.C. Sec.§1746.)

I, _Willie Bell H-90929_, am a resident of Centinela State Prison,
in the County of Imperial, State of California; I am over the age of
eighteen (18) years and am not a party of the above-entitled action. My
state prison address is:
_C.S.P. Po Box 911_, Imperial, CA 92251.

On _2-26-08_, 200_8_, I served the foregoing:
_1- Amended Civil Suit to Courts Clerk to Serve_
_to the Defendant listed Below._
_Garcia / Appeals Coordinator At C.S.P on 2-26-08_
(Set forth the exact title of document (s) served.)

on the part (s) herein by placing a true copy (s) thereof, enclosed
in a sealed envelope (s), with postage thereon fully paid, in the
United States Mail, in a deposit box so provided at Centinela State
Prison, P.O.Box _911_, Imperial, CA 92251, addresses: (1. Civil Suit)

_Garcia / Appeals Coordinator_
_C.S.P. Po. Box 911_
_Imperial, Ca 92251_

There is delivery service by United States Mail at the so addressed,
and/or there is regular communication by mail between the place of
mailing and the place so addressed. I declare under penalty of perjury
that the foregoing is true and correct.

Dated: _2-26-08_, 200_8_                    _Willie Bell Jr._
                                          DECLARANT/PRISONER

*Exhibit 5*

*See*

Defendants to be served.

ATTN: Court Clerk"

Location of residing parties to be served is;

Centinela State Prison

C.S.P. PO.BOX 911

Imperial, Calif 92251

Parties to be served;

1. Warden, V.M. Almager

2. R&R Sergeant S.J. Wilhelm

3. Appeals Coordinator  D.J. Deguess CC II

4. Appeals Coordinator  Garcia

STATE OF CALIFORNIA
CDC 193 (11/07)

*SATELLITE A LAW LIBRARY*    DEPARTMENT OF CORRECTIONS AND REHABILITATION

## TRUST ACCOUNT WITHDRAWAL ORDER

Date: 1 - 24 - 2008

To: Warden or Superintendent        Approved

I hereby request my Trust Account be charged $ 15.00 . For the purpose stated below and authorize the withdrawal of that sum from my Account:

H- 90929
(YOUR CDC NUMBER)

Willie Bell
YOUR NAME (SIGNATURE PLEASE, DO NOT PRINT)

State below the PURPOSE for which withdrawal is requested
(Do not use this form for Canteen or Hobby purchases)

PHOTOCOPIES ARE MADE PER DOM S 14010.21-
14010.21.4, AT .10 PER PAGE.

PURPOSE:    LEGAL COPIES

3 COPIES OF 50 PAGES= 150

TOTAL CHARGES= $ 15.00

REC'D BY

Willie Bell
(PRINT YOUR NAME HERE)

B 5 -
(YOUR HOUSING NUMBER)

239 LOW
YOUR BED NUMBER

Served
3 Copies
to Defendants
See this receipt

See
ex

) EXhibit 6

*SATELLITE A LAW LIBRARY*

## TRUST ACCOUNT WITHDRAWAL ORDER

Date: 1 - 24 - 2008

To: Warden or Superintendent        Approved

I hereby request my Trust Account be charged $ .17 . For the purpose stated below and authorize the withdrawal of that sum from my Account:

H- 90929
(YOUR CDC NUMBER)

Willie Bell
YOUR NAME (SIGNATURE PLEASE, DO NOT PRINT)

State below the PURPOSE for which withdrawal is requested
(Do not use this form for Canteen or Hobby purchases)

PHOTOCOPIES ARE MADE PER DOM S 14010.21-
14010.21.4, AT .10 PER PAGE.

PURPOSE:    LEGAL ENVELOPES

CLASP AT $.15 EA= .15

WHITE, #10, AT $.02 EA= .02

TOTAL $ .17

Willie Bell
(PRINT YOUR NAME HERE)

B5 -
(YOUR HOUSING NUMBER)

239 LOW
YOUR BED NUMBER

State of California                                                              Department of C

# Memorandum

Exhibit 7

This document created by staff Sergeant, et, al is "Structurally
designed to deny me in a participation in mailing out my property
and as stated this is the "ONLY NOTICE THAT I WILL GET!
Thus proving staffs Indifference, as to my civil rights."NO OTHER CHANCE
AS STATED!    Inmate Name: X
              CDC Number: X
              Housing/Bed/Cell # X                              Hold #:

Subject:    MAILOUTS PENDING TRUST/ACCOUNT APPROVAL

The property you are mailing out is being held for 30 (thirty) days in Receiving or
Release pending funds available for $_____ to cover (UPS) shipping charges. It
your responsibility to maintain a minimum of $25.00 available in your account for th
Mail-Out Officer. I understand the entirety of this form and I will not hold the State of
California Department of Corrections and Rehabilitation liable for any property donate
due to lack of funds on my behalf.

Failure to comply with money being placed on your account within the time allowed wi
result in your property being donated to the State.

THIS IS THE ONLY NOTICE YOU WILL RECEIVE!!!!!!!!!

Signed_____
        Correctional Officer
        Receiving and Release
        Centinela State Prison

S. J. WILHELM                                    D. CAPELLINO
Receiving and Release Sergeant                   Custody Captain
Centinela State Prison                           Centinela State Prison

cc:  Package
     Inmate
     Property Card              Exhibit #7.

Courts may make note". Staff Rosales never sent out my property

nor has a receipt showing to whom it was logged in and mailed out

to, which also proves he kept my property. I never had money to

send it out    SEE EXHIBIT # 6. (My account had no money to send
it out with!

# TRUST ACCOUNT WITHDRAWAL ORDER

Exhib:47a

DATE: _____

TO: Warden Or Superintendent                    Approved By: _____

I hereby request my Trust Account be charged $_____ for mailing out the item(s) indicated below, and authorize this sum be taken from my account. I am aware that I am responsible to keep a minimum of $25.00 in my account for the Mail-Out Officer.

_____                    _____
NAME (Signature) DO NOT PRINT                CDC NUMBER

Item(s) mailed:
_____
_____

Print the name and address of the personal you want to receive your item(s).
*No P.O. Boxes:*     *USA Addresses ONLY*

## TO:

NAME: _____

Address: _____

City: _____

State: _____ Zip: _____

_____
(Print Your Full Name Here)
..............................................................................................
..............................................................................................

CENTINELA STATE PRISON
2302 Brown Road                                    PKG. #_____
P.O. Box 901
Imperial, CA  92251

   INMATE NAME: _____ NUMBER: _____

## TO:

NAME: _____

Address: _____

City: _____

State: _____ Zip: _____

Exhibit #7 (a).

Ehibit 7.b

# CENTINELA STATE PRISON
## PROPERTY RELEASE STATEMENT

INMATE NAME:_____ _CDC #_____

I herby authorize CENTINELA STATE PRISON to dispose of the following items of my personal property as listed:

CIRCLE ONE:                DONATE                MAIL OUT

1._____

2._____

3._____

4._____

5._____

6._____

7._____

8._____

9._____

10._____

11._____

12._____

13._____

14._____

15._____

NOTE:    When an inmate chooses to mail items out he must fill out a **MAIL OUT/TRUST WITHDRAWAL FORM.**

Reason(s) item(s) were confiscated:_____
_____
_____

Inmate Signature:_____ Date:_____
Staff Witness:_____ Date:_____

Ehibit #7 (b) .

EXhibit 8.

UNITED STATES DISTRICT COURT
**ATTN:** Court clerk

Office of the Clerk
Suite 4290                                    02-19-08


**To whom this may concern:**

I Willie Bell the plaintiff do request the Clerk of the Court,

if He/She  would submit this Leave for an Amend to the court.

I am a plaintiff in pro se. and not fully understanding the

procedures of court as when to submit these motions and request

for an Injunction", the "Request for Counsel/Class Action, and

ect. So as one package, and so that the plaintiff wont default,

without knowledge fully of the submittal procedures. I am sub-

mitting all in one package, and filing and will next await the

courts response.

I am also enclosing copies for all parties so that they may

be served by your office if possible. The plaintiff has estab-

indigency with the courts, and have no funds to serve the def-

endants properly. I ask that your office serve them in my behalf.

     Under oath, I Willie Bell hold all stated in this to be

true.    Signed _Willie Bell_ .   Dated _2-20-08_

   Attached is, the court clerks copies. And copies for the
defendants, with the names & address where to be served.

 Prison on Lockdown as of 02-12  through an unknown date.
   Today is 02-24-08  (No Access to Law Library".

Exhibit 9

**NOTICE TO THE COURTS. / COURT CLERK**

This prison is on lockdown, and has been for the last past few

weeks, and I have requested twice, but have received no pass

to the "Prison Law Library, which has kept me from making copies

to serve the defendants.  Todays date is Sunday 02-24-08.

on 02-20-08 I requested to be placed again on the list for this

week of 02-25-30, hopefully.

Just a notice to allow the courts the reason I haven't responded

as of yet!

---

**NOTE:**

        Today I received a ducat for the law library, and now

serving the defendants.

Dated  2-25-08                    Signed  Will Bee

2ND   LOCK DOWN WAS ON   4-5-08 -

1ST   MAT IN RIOT

            NEXT show   DUC151  2-28-

            + NO MORE

Attn: Court Clerk of
U.S. Dist Court
Southern Dist of Calif.

3-24-08
Exhibit 10

To whom this may concern: (Court Clerk)

On 3/3/08 I Filed with the courts
a motion for leave to file an Amended
Complaint of which was denied. I had
enclosed a request in regards to serving
the defendants thier copy (s).

This letter is only to Find out the
status of that request. "Did the
Court/Clerk Serve the Defendants a
Copy as I had requested, +I sent a copy
so that the Clerk of the Court Could Do So.

Can you please let me know if it was
Done, & when was it Done, so that I
May be able to know that they were
Served by me, through the Court Clerk.

P. 1

Exhibit 11

I thank you for your time
+ patience Regarding this Request.

Also My Cell has been Changed,
I'm at the Same prison, Just A Different Cell as Listed.

Sincerely

Willie Bell H-90929
C.S.P. Po. Box 911
IMPERIAL, CA 92251
Blog 2 - 107

## SPECIAL PURPOSE LETTERS

Bell, Willie

ex 12

| | | Sent | Rec'd | | | Sent | Rec'd |
|---|---|---|---|---|---|---|---|
| National Lawyers Guild San Francisco Bay Area Chapter | 558 Capp Street San Francisco CA 94110 | 2-28-08 | 2-28-08 | | | | |
| Prison Law Project National Lawyers Guild | New York NY 10038 | | | | | | |
| US Dist Court | 880 Front St #4290 San Diego CA | | 3/13/8 | Sent out copies to serve By Clerk | | | |
| National Lawyers Guild | 132 Nassau St. Rm 901 New York NY 10038 | 3/18/08 | 3/18/08 | | | | |
| USDC Southern | San Diego, CA 92101 | 3/24/08 | 3/24/08 | Sent out copies to be served By Clerk | | | |
| " " | " " | | 4/8/8 | see ex 10 & 11) | | | |
| Vibbert Petty | Beverly Hills CA 90211 | 4/18/08 | 4/18/08 | see exhibits | | | |
| US Dist Court | 880 Front St #1090 San Diego CA | 5/8/8 | 5/8/8 | (1-6) | | | |
| D. Noyce etc | 1033 W Avenue J Ste A Lancaster CA 93534 | 5/28/8 | | (8-10) | | | |

Prison Mail Room Log of Mail sent to courts

ex 13

1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                       SOUTHERN DISTRICT OF CALIFORNIA
10
11    WILLIE BELL, JR.,                          CASE NO. 08-CV-0165 H (AJB)
12                               Plaintiff,      **ORDER GRANTING
                                                 PLAINTIFF'S MOTION TO
13          vs.                                  PROCEED IN FORMA
                                                 PAUPERIS AND DENYING
14    V.M. ALMAGER, Warden, et al.,              PLAINTIFF'S MOTION TO
                                                 APPOINT COUNSEL**
15                               Defendants.
16
17          On January 28, 2008, plaintiff Willie Bell, Jr., a state prisoner, filed a complaint under
18    42 U.S.C. § 1983. (Doc. No. 1.)  Plaintiff has filed a motion to proceed in forma pauperis, as
19    well as a motion for the appointment of counsel to assist him in prosecuting this civil action
20    (Doc. Nos. 2, 3.).
21          **Motion to Proceed In Forma Pauperis**
22          Under 28 U.S.C. § 1915(a), a court may authorize the commencement of a lawsuit
23    without payment of the required filing fee if the plaintiff submits an affidavit demonstrating
24    the plaintiff's inability to pay the filing fee.  Such affidavit must include a complete statement
25    of the plaintiff's assets.  Here, Plaintiff has submitted a form motion and a declaration, as well
26    as a certificate regarding the balance of Plaintiff's prison trust account. (See Doc. No. 2.)  The
27    Court concludes that Plaintiff has established that he cannot pay the filing fee.  Accordingly,
28    the Court grants Plaintiff's motion to proceed in forma pauperis.

**Motion to Appoint Counsel**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dept. of Social Services, 452 U.S. 18, 25 (1981). Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, it appears that Plaintiff has a sufficient grasp of his case and the legal issues involved. Although Plaintiff asserts that he has a high school education and limited access to the prison law library, based on his filings to date the Court concludes that he is able to adequately articulate the basis of his claims. Therefore, Plaintiff's motion fails to establish the "exceptional circumstances" required for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Under these circumstances, the Court denies plaintiff's motion for appointment of counsel because it is not warranted by the interests of justice. LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

IT IS SO ORDERED.

DATED: February 4, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

08cv165

Case 3:08-cv-00165-H-AJB    Document 10    Filed 03/03/2008    Page 1 of 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

*13 A*

FILED

### NOTICE OF DOCUMENT DISCREPANCIES

2008 MAR -3  PM 4: 46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TO: ☑ U. S. DISTRICT JUDGE / ☐ U. S. MAGISTRATE JUDGE    Huff

FROM:  R. Mullin,      Deputy Clerk      RECEIVED DATE:    2/28/2008

CASE NO.:  08cv0165 H (AJB)      DOCUMENT FILED BY:   Plaintiff

CASE TITLE:  Bell v. Almager, et al

DOCUMENT ENTITLED:  Motion for Leave to File this Amended Complaint

Upon the submission of the attached document(s), the following discrepancies are noted:

| ✓ | Local Rule | Discrepancy |
|---|---|---|
| ☐ | 5.1 | Missing time and date on motion and/or supporting documentation |
| ☐ | 5.3 | Document illegible or submitted on thermal facsimile paper |
| ☐ | **5.4** | **Document not filed electronically. Notice of Noncompliance already issued.** |
| ☐ | 7.1 or 47.1 | Date noticed for hearing not in compliance with rules/Document(s) are not timely |
| ☐ | 7.1 or 47.1 | Lacking memorandum of points and authorities in support as a separate document |
| ☐ | 7.1 or 47.1 | Briefs or memoranda exceed length restrictions |
| ☐ | 7.1 | Missing table of contents |
| ☐ | 15.1 | Amended pleading not complete in itself |
| ☐ | 30.1 | Depositions not accepted absent a court order |
| ☐ | | Supplemental documents require court order |
| ☐ | | Default Judgment in sum certain includes calculated interest |
| X | | OTHER: Amended Complaint already on file |

Date forwarded:    2/29/2008

### ORDER OF THE JUDGE / MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐  The document is to be filed nunc pro tunc to date received.

☑  The document is NOT to be filed, but instead REJECTED, and it is ORDERED that the Clerk serve a copy of this order on all parties.

Rejected document to be returned to pro se or inmate? ☐ Yes.    Court Copy retained by chambers ☐

Counsel is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83.1

CHAMBERS OF:   Judge Huff

Dated:  3 3 08      By:    PSLC

cc: All Parties

K:\COMMON\FORMS\CIVCRM35.WPD
Form # Civ/Crim 35 (4/98) -- [Document Discrepancy / Court Order]

Case 3:08-cv-00165-H-AJB    Document 10    Filed 03/03/2008    Page 2 of 2

1

2

3        **REJECTED**

4

5    Willie Bell,Jr.et,al.          )    CASE NO. 08-CV-0165 H·(AJB)
                                    )
6          plaintiff               )    MOTION FOR LEAVE TO FILE THIS
                                    )      AMENDED COMPLAINT /Documents
7    vs.                           )    ET,AL....
                                    )
8    V.M. Almager, Warden et,al.   )
          Defendants               )
9    _____      )

10

11              UNITED STATES DISTRICT COURT

12              Southern District of California

13

14

15        Plaintiff Willie Bell Jr, pursuant to Rules 15(a) and

16   19 (a), Fed R. Civ.p., request leave to file an amended

17   complaint adding other parties in similar to this complaint

18   by a joinder of a class action, et,al, On  02-26-08.

19   The plaintiff in his original complaint named himself, Willie

20   Bell Jr. & alleged there were others/ Inmates, who were being

21   violated also in regards to his filing.

22   Since the filing the plaintiff has determined in the interest

23   that all parties in similar should be enjoin in the Class-

24   Action filing / Injunction, to petition that the Warden put

25   an end to the acts filed against, and that all corrective

26   request, and measures be, and are met.

27   This court should grant leave for request to file this amended

28   complaint.
     See: Foman  Vs. Davis  371  U.S. 178, 182, (1962).

## Other Orders/Judgments

e४ १४

### 3:08-cv-00165-H-AJB Bell v. Almager et al

### U.S. District Court

### Southern District of California

## Notice of Electronic Filing

The following transaction was entered on 3/4/2008 at 1:23 PM PST and filed on 3/3/2008

**Case Name:**    Bell v. Almager et al
**Case Number:**    3:08-cv-165
**Filer:**    Willie Bell, Jr
**Document Number:** 10

**Docket Text:**
Discrepancy Order by Judge Marilyn L. Huff rejecting document: Motion for Leave to File this Amended Complaint from Plaintiff Willie Bell, Jr, non-compliance with local rule Other: Amended Complaint already on file. Signed by Judge Marilyn L. Huff on 3/3/2008. (rmm)

**3:08-cv-165 Notice has been electronically mailed to:**
Attorney General docketingsdawt@doj.ca.gov

**3:08-cv-165 Notice has been delivered by other means to:**

Willie Bell, Jr
H-90929
Centinela State Prison
PO Box 911
Imperial, CA 92251

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a

**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=3/4/2008] [FileNumber=245495
0]
[311d010a3ade619eb5b3a7fd0a8c936b1493fc9319ff4ade808e4d7c7b2441cb0
43835addd80fe95f3b85953144ab41b05a5d5c5eaf1b0dd32f587554dc1f]]

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED

## NOTICE OF DOCUMENT DISCREPANCIES

2008 MAR -3  PH 4: 46

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TO: ☑ U. S. DISTRICT JUDGE / ☐ U. S. MAGISTRATE JUDGE ___Huff___

FROM: __R. Mullin,__ Deputy Clerk        RECEIVED DATE: ___2/28/2008___

CASE NO.: __08cv0165 H (AJB)__   DOCUMENT FILED BY: __Plaintiff__

CASE TITLE: __Bell v. Almager, et al__

DOCUMENT ENTITLED: __Motion for Leave to File this Amended Complaint__

Upon the submission of the attached document(s), the following discrepancies are noted:

| ✓ | Local Rule | Discrepancy |
|---|---|---|
| ☐ | 5.1 | Missing time and date on motion and/or supporting documentation |
| ☐ | 5.3 | Document illegible or submitted on thermal facsimile paper |
| ☐ | **5.4** | **Document not filed electronically. Notice of Noncompliance already issued.** |
| ☐ | 7.1 or 47.1 | Date noticed for hearing not in compliance with rules/Document(s) are not timely |
| ☐ | 7.1 or 47.1 | Lacking memorandum of points and authorities in support as a separate document |
| ☐ | 7.1 or 47.1 | Briefs or memoranda exceed length restrictions |
| ☐ | 7.1 | Missing table of contents |
| ☐ | 15.1 | Amended pleading not complete in itself |
| ☐ | 30.1 | Depositions not accepted absent a court order |
| ☐ | | Supplemental documents require court order |
| ☐ | | Default Judgment in sum certain includes calculated interest |
| X | | **OTHER: Amended Complaint already on file.** |

Date forwarded: ___2/29/2008___

## ORDER OF THE JUDGE / MAGISTRATE JUDGE

### IT IS HEREBY ORDERED:

☐ The document is to be filed nunc pro tunc to date received.

☑ The document is NOT to be filed, but instead REJECTED. and it is ORDERED that the Clerk serve a copy of this order on all parties.

Rejected document to be returned to pro se or inmate? ☐ Yes.   Court Copy retained by chambers ☐

Counsel is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83.1

CHAMBERS OF: _Judge Huff_

Dated: _3/3/08_        By: _PSLC_

cc: All Parties

1
2
3                                    **REJECTED**
4
5    Willie Bell,Jr.et,al.          ⟩    CASE NO. 08-CV-0165 H (AJB)
            plaintiff              ⟩
6                                   ⟩    MOTION FOR LEAVE TO FILE THIS
                                    ⟩       AMENDED COMPLAINT /Documents
7    vs.                            ⟩       ET,AL....
                                    ⟩
8    V.M. Almager, Warden et,al.    ⟩
            Defendants             ⟩
9    _____     ⟩

10
11                     UNITED STATES DISTRICT COURT
12                     Southern District of California
13

14
15        Plaintiff Willie Bell Jr, pursuant to Rules 15(a) and
16    19 (a), Fed R. Civ.p., request leave to file an amended
      complaint adding other parties in similar to this complaint
17    by a joinder of a class action, et,al, On  02-26-08.
18
19    The plaintiff in his original complaint named himself, Willie
20    Bell Jr. & alleged there were others/ Inmates, who were being
21    violated also in regards to his filing.
22
23    Since the filing the plaintiff has determined in the interest
      that all parties in similar should be enjoind in the Class-
24    Action filing / Injunction, to petition that the Warden put
25    an end to the acts filed against, and that all corrective
26    request, and measures be, and are met.
27    This court should grant leave for request to file this amended
28    complaint.
        See: Foman  Vs. Davis  371  U.S. 178, 182, (1962).

E.X 15

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE BELL, Jr.,<br>CDCR #H-90929,<br><br>                                  Plaintiff,<br><br>vs.<br><br>V.M. ALMAGER; GARCIA, Appeals<br>Coordinator; D.J. DEGEUS, CCII Appeals<br>Coordinator; R&R Package Officer,<br><br>                                  Defendants. | Civil No.   08-0165 H (AJB)<br><br>**ORDER:**<br><br>**(1) DENYING EX PARTE MOTION FOR PRELIMINARY CLASS ACTION INJUNCTION [Doc. No. 9];**<br><br>**(2) DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b); AND**<br><br>**(3) DENYING MOTION TO CERTIFY CLASS [Doc. No. 8] AS MOOT** |

## I.      Procedural History

On January 28, 2008, Plaintiff, a state inmate currently incarcerated at Centinela State Prison ("Centinela") and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his original Complaint, Plaintiff sought to hold prison official at Centinela liable for their refusal to mail a package to Plaintiff's family because he allegedly had insufficient funds

1    in his inmate trust account. Plaintiff sought compensatory and punitive damages in the amount

2    of $ 858,000.08. In addition to filing a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

3    to 28 U.S.C. § 1915(a), Plaintiff also filed a Motion for Appointment of Counsel, and a Motion

4    for Injunction and Temporary Restraining Order ("TRO").

5            On February 4, 2008, this Court granted Plaintiff's Motion to Proceed IFP and denied

6    Plaintiff's Motion for Appointment of Counsel. This Court later sua sponte dismissed Plaintiff's

7    Complaint for failing to state a claim and denied Plaintiff's Ex Parte Motion for Permanent

8    Injunction. *See* Feb. 21, 2008 Order at 9. Nonetheless, the Court permitted Plaintiff the

9    opportunity to amend his Complaint to correct the deficiencies of pleading identified by the

10   Court. *Id.* at 8-9. On February 28, 2008, Plaintiff filed his First Amended Complaint ("FAC"),

11   as well as another "Motion for Preliminary Class Action Injunction." [Doc. Nos. 7, 9].

12                                              **I.**

13                       **PLAINTIFF'S MOTION FOR INJUNCTION AND TRO**

14           Plaintiff has filed a "Motion Requesting Preliminary Class Action Injunction" [Doc. No.

15   9], along with an affidavit in support of his Motion.

16           Rule 65 of the Federal Rules of Civil Procedure provides that:

17       A temporary restraining order may be granted without written or oral notice to the
         adverse party or that party's attorney only if (1) it clearly appears from specific
18       facts shown by affidavit or by the verified complaint that immediate and
         irreparable injury, loss, or damage will result to the applicant before the adverse
19       party or that party's attorney can be heard in opposition, and (2) the applicant's
         attorney certifies to the court in writing the efforts, is any, which have been made
20       to give the notice and the reasons supporting the claim that notice should not be
         required.
21

22   FED.R.CIV.P. 65(b).

23           Plaintiff's Motion for Injunction does not comply with Rule 65(b)'s important procedural

24   notice requirement. Here, Plaintiff has not demonstrated that his First Amended Complaint, or

25   his Motion have been served on any named Defendant. And while Defendants, as employees

26   of the CDCR, may ultimately be represented by the Attorney General in this matter, there has

27   been no appearance on any Defendant's behalf by the Attorney General at this preliminary stage

28   of the proceedings. Moreover, Plaintiff has not submitted a sworn affidavit or declaration

1 certifying that any efforts have been made to give notice of his Motion or First Amended

2 Complaint to any named Defendant, which is required by Federal Rule of Civil Procedure 65(b).

3    As noted above, under Federal Rule of Civil Procedure 65(b), a TRO may be granted

4 without notice to the adverse party or that party's attorney *only* if "it clearly appears from

5 specific facts shown by affidavit or by the verified complaint that immediate and irreparable

6 injury, loss, or damage will result to the applicant before the adverse party or that party's

7 attorney can be heard in opposition." FED.R.CIV.P. 65(b).  Federal Rule of Civil Procedure

8 65(b) also requires the Plaintiff to certify to the Court "the efforts, if any, which have been made

9 to give the notice and the reasons supporting the claim that notice should not be required."  Id.

10 Plaintiff has not provided the Court with any reasoning why Defendants have not been notified

11 of Plaintiff's request for a preliminary injunction.

12    Plaintiff's Motion does not comply with these elemental procedural requirements of

13 Federal Rule of Civil Procedure 65(b).  Thus, for all these reasons, the Court must **DENY**

14 without prejudice Plaintiff's Motion for Preliminary Class Action Injunction [Doc. No. 9]

15 pursuant to FED.R.CIV.P. 65(b).

### III.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

18    As the Court previously stated, the Prison Litigation Reform Act ("PLRA")'s

19 amendments to 28 U.S.C. § 1915 obigates the Court to review complaints filed by all persons

20 proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility

21 [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the

22 terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

23 practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  Under these

24 provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP

25 complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which

26 seek damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A;

27 *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v.*

28 *Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

1    Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

2    dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28

3    U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit

4    make and rule on its own motion to dismiss before directing that the Complaint be served by the

5    U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits,

6    but requires a district court to dismiss an in forma pauperis complaint that fails to state a

7    claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

8    § 1915A).

9    "[W]hen determining whether a complaint states a claim, a court must accept as true all

10   allegations of material fact and must construe those facts in the light most favorable to the

11   plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

12   "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even

13   presuming Plaintiff's allegations true, the Court finds his Complaint fails to state a claim upon

14   which relief can be granted. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez*, 203 F.3d at

15   1126-27; *Resnick*, 213 F.3d at 446, n.1.

16   The Court has reviewed Plaintiff's First Amended Complaint and finds that it is nearly

17   identical to Plaintiff's original Complaint. Thus, the Court must dismiss Plaintiff's First

18   Amended Complaint for containing many of the same deficiencies of pleading previously

19   identified by the Court.

20   **A.    Property Claims**

21   The entire basis of Plaintiff's action arises from a prison official's refusal to allow

22   Plaintiff to mail a watch he had received from his family to his nephew because he had

23   insufficient funds in his inmate trust account to pay for postage. Ultimately it appears that

24   Defendants confiscated the watch because it was against the prison's policy for an inmate to

25   have more than one watch. To the extent that Plaintiff wishes to bring a claim relating to the

26   unauthorized deprivation of his property, such a claim will not state a federal cause of action

27   under § 1983 if the plaintiff has an adequate post-deprivation state remedy. *See Hudson v.*

28   *Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an

1 adequate post-deprivation state remedy for the random and unauthorized taking of property.

2 *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, Plaintiff has an adequate state

3 post-deprivation remedy and his claims relating to the taking of his property are not cognizable

4 in this § 1983 action, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and

5 1915A(b)(1).

6 **B.    Respondeat Superior**

7 As he did in his original Complaint, Plaintiff seeks to hold Defendant Almager, the

8 Warden for Centinela, liable for the alleged actions of the other Defendants that confiscated

9 Plaintiff's watch. To state a claim against a state official under section 1983, the complainant

10 must allege direct personal participation by each defendant. *Taylor v. List*, 880 F.2d 1040, 1045

11 (9th Cir. 1989). There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v.*

12 *Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *Paine v. City of Lompoc*, 265 F.3d 975, 984

13 (9th Cir. 2001) (whether or not each defendant "is a participant in the incidents that could give

14 rise to liability" is a necessary element of the § 1983 claim).

15 Thus, as Warden of Centinela, Defendant Almager may only be held liable for the

16 constitutional violations of his subordinate officers if he is alleged to have participated in or

17 directed the alleged violation of Plaintiff's constitutional rights. *See Preschooler II v. Clark*

18 *County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) ("It has long been clearly

19 established that '[s]upervisory liability is imposed against a supervisory official in his individual

20 capacity [only] for his own culpable action or inaction in the training, supervision, or control of

21 his subordinates, for his acquiescence in the constitutional deprivations of which the complaint

22 is made, or for conduct that showed a reckless or callous indifference to the rights of others.'")

23 (citations omitted). Plaintiff makes no such allegations of personal participation on the part of

24 Warden Almager. If there is no affirmative link between a defendant's alleged conduct and the

25 prisoner's alleged injury, there is no deprivation of constitutional rights. *Rizzo v. Goode*, 423

26 U.S. 362, 370 (1976). Therefore, Plaintiff's First Amended Complaint must be also be dismissed

27 as to Warden Almager for failing to state a claim upon which relief can be granted pursuant to

28 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d 246.

## C.   Fourteenth Amendment Due Process Claims

Once again, Plaintiff claims that his due process rights were violated when prison officials failed to properly process his administrative grievances.   The Fourteenth Amendment to the United States Constitution provides that: "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.   "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty or property interests sufficient to invoke due process protection. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).   Thus, to state a procedural due process claim, Plaintiff must allege:   "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

To the extent Plaintiff challenges the procedural adequacy of CDC inmate grievance procedures, his First Amended Complaint, once again, fails to state a due process claim.   This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.   *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

In addition, Plaintiff has failed to plead facts sufficient to show that any named prison official deprived him of a protected *liberty* interest by allegedly failing to respond to his prison grievances in a satisfactory manner.   While a liberty interest can arise from state law or prison regulations, *Meachum*, 427 U.S. at 223-27, due process protections are implicated only if Plaintiff alleges facts to show that Defendants:   (1) restrained his freedom in a manner not expected from his sentence, and (2) "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).   Plaintiff pleads no facts to suggest how

1   the allegedly inadequate review and consideration of his inmate grievances amounted to a

2   restraint on his freedom not contemplated by his original sentence or how they resulted in an

3   "atypical" and "significant hardship." *Sandin*, 515 U.S. at 483-84. Accordingly, Plaintiff's

4   Fourteenth Amendment due process claims are dismissed for failing to state a claim upon which

5   § 1983 relief can be granted.

**IV.**

**CONCLUSION AND ORDER**

Good cause appearing, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion for Preliminary Class Action Injunction [Doc. No. 9] is

**DENIED** without prejudice for failing to comply with FED.R.CIV.P. 65(b).

2.      Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim

pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. Because it does not appear "at all possible that

the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as

futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave

to amend is not an abuse of discretion where further amendment would be futile).

**IT IS FURTHER ORDERED** that:

3.      Plaintiff's Motion to Certify Class [Doc. No. 8] is **DENIED** as moot.

The Clerk shall close the file.

DATED April 28, 2008



United States District Judge